THE TOWN OF PAWLET *vs.* PHINEAS STRONG, CHESTER BAKER et al.

That a town may take a bond, voluntarily given, conditioned to save such town harmless from the support of certain persons, named in such bond.—Nor need the bond show, that they were a charge to the town at the time of its execution.

It is sufficient, that the declaration shows expenditures for their support, forced upon the town before the action brought.

If there be any facts, which would form a defence to such bond, they should be brought upon the record by plea.

This was an action of *debt* upon a bond, in the penal sum of $1500, dated May 5th, 1823, and conditioned to be void, if the defendants should well and truly indemnify, and save harmless, the said town of *Pawlet,* from all charges, expenses, &c., of every nature, for the maintenance of *Rufus Baker* and *Sybil Baker,*

his wife, and *Sally Baker*, daughter of the said *Rufus* and *Sybil*, who were parents of the said *Chester Baker*, during the natural lives of the said *Rufus, Sybil* and *Sally* : otherwise to be and remain in full force and virtue. Sundry breaches were assigned, consisting of payments of various sums for the support of said paupers before the commencement of this suit, of all which the said defendants had notice, &c. To this declaration the defendants filed a general demurrer, and plaintiffs joined in demurrer.

*Harmon* and *Williams*, in support of the demurrer.—It does not appear from the declaration, nor will it be pretended to be the fact, that, at the time this bond was executed, either of those three persons was a pauper, or ever had been.—Consequently,

1. This bond was not taken in any case of a person or persons becoming either a *temporary*, or an *annual charge*, in which the overseers *are* authorised by statute to contract with individuals for the support and maintenance of such paupers. *Rev. Stat. p.* 378, *Sect.* 20.—379, 2*d proviso of Sect.* 20.

2. It hence results, that the bond was not authorized by any statute provision—was not taken in virtue of any power given to the town or overseers by statute—nor for any purpose, or object, for which they have any authority by statute to contract.

3. The precautionary measure, authorized by the 14 *Sect. (p.* 174,) is of an entirely different character—authorized only by statute, and regulated by it, and must be strictly conformable to the statute, or it would be invalid.

4. The statute having pointed out and regulated the course to be taken, that course must be pursued ; and the town, or overseers, having no authority by statute to exact or take such bond, in such case, this bond is, of course, void ; because, the town, and the overseers acting for the town, as such, are *creatures* of the statute, and derive all their powers from it : they cannot act, in any case, not expressly or virtually provided for by statute : and they can act in no other way or manner, than is either expressly or virtually provided for by statute :—certainly, not in a manner repugnant to the statute. The overseers bind not the town, when they exceed their powers : and hence, in like case, the other party is not bound.

Conformably to this view are the principles which have been established by judicial decisions. They are, indeed, the cardinal doctrines, to guide in all cases of such *public corporations,* as they are called, and *their agents.* They are restricted to the performance of such acts, and in such a manner, as relate to the purposes, to effect which their powers are given. Thus, they

RUTLAND,
February,
1830.

Town of Pawlet
vs
Strong et al.

may lease the town lands, and might, if they had not been express-ly authorized to do so ; but they cannot convey them in fee. 1 *D. Chip. Rep.* 369. They are restricted within the letter of the corporate acts conferring their powers. 1 *D. Chip. Rep.* 164.— 1 *Johns. Rep.* 109. They must act within the scope of the legiti-mate purposes of their incorporation. 1 *D. Chip. Rep.* 458.—2 *Stra.* 1051.—1 *Johns. Rep.* 109. The grant of specific powers implies a prohibition of others not granted. 15 *Johns. Rep.* 383.

No corporation of *any* kind can be seized in trust of lands, for a purpose foreign to its institution.—8 *Johns. Rep.* 330. And a power in parish officers, to take security to indemnify the parish, is not executed by taking a promissory note for a specific sum.— 1 *Com. Con.* 388-9, or 401-2 ; also, 6 *East. Rep.* 110.

*Hodges and Royce, for the plaintiffs.*—The bond declared on might have been taken, without any prior proceeding, under the ninth section of the *poor law, stat. p.* 372. *Chester Baker*, one of the defendants, was liable to indemnify the town from the support of two of the paupers, who appear from the bond to be his parents. As to the other, *non constat*, that the obligors were not sureties for some one bound for her support. At all events, the bond is good as to the two, and is not avoided by the provision for the other, since it is not in contravention of any statute but merely an excess of power in the town.—*Norton* vs. *Sims, Hob.* 18.— *Chesman et ux.* vs. *Nainsby,* 2 *Ld. Ray.* 1456.—2 *Str.* 744.— Again, by the second proviso of the twentieth section of the same law *(stat. p.* 379,) the town may dispose of their paupers for life, and, of course, take corresponding security. Now, neither of these statutes indicates any particular form for the indemnity.— The bond in question is sufficient under either, and is, *prima fa-cie*, a valid deed.—*Wilde* vs. *Griffin,* 5 *Esp. N. P. C.* 142.— *Strangeways* vs. *Robinson,* 4 *Taunt.* 498.

It is, however, objected, that the declaration ought to have shewn that the paupers were chargeable to the town when the bond was executed. But no reason can be shown why more than is necessary to be contained in the security, should be averred in the declaration. The deed being good upon the face of it, the Court are to presume every thing to have been *rite et solemniter acta*. The demurrer waives those deficiencies in the execution of it, which, had they been pleaded, we might have replied to and explained.—*Low* vs. *Peers,* 4 *Burr.* 2229.—The objection fails entirely, if, as we believe, no such prior steps were necessary to the validity of the bond. It is well settled, that public corpora-tions, unless restricted by some express prohibition, or known rule of law, have all the powers necessary to fulfil the purposes, for

which they are created. And the act incorporating towns, not RUTLAND, February, 1830. expressly designating their several powers, *(stat. p.* 156*)* they must be intended to have all that are necessary to discharge the Town of Pawlet vs. Strong et al. duties imposed on them. When, therefore, the legislature imposed on them the onerous charge of supporting all the poor within their limits, whether settled or not, it necessasily conferred upon them the capacity of negotiating upon the subject. And we find that it has been constantly practiced, to take bonds in a similar form, on the usual annual sales of town paupers. It is worthy of notice, that those bonds have been extended, not only to subsequent cases of pauperism, but also of pauperism occurring among persons not legally settled in the town at the date of the bond.— Yet no express authority is given by the statute for taking such bond, and no town ever passed a vote for that purpose.—*Whiting* vs. *Punchard,* 3 *Wils.* 50.—*Allen* vs. *Peshall,* 2 *Wm. Bla.* 1177. —*Edwards* vs. *Babbit, M. & S.* 120.—*Sanford* vs. *Sanford,* 2 *Day,* 559.—*Shrewsbury* vs. *Boylston,* 18 *Mass. Rep.* 105.— *Big. Dig.* 619.—*Supreme Court Rules,* 1 *Aik.* 399.—*Washington* vs. *Rising, Bray.* 188.

The mode which the statute has pointed out, of compelling security in some cases, is merely a cumulative remedy, intended to relieve the towns, when their other powers would not avail. The mischief, thereby provided against, was not that the towns could not negotiate respecting their liability, but, that they were obliged to stand by and see the dissolute person wasting his property, &c. without being able to interfere and save a portion for his own support and that of his family. A power of compelling security was, therefore, added to the general authority of the town in those cases; and not a dictum can be shewn to support the position, that such addition of power deprived the town of that which they otherwise enjoyed.—*Rex* vs. *Spencer,* 2 *Str.* 1123.

Admitting, however, that towns cannot bind themselves by such a contract, yet, notwithstanding this, they may enforce one in their own favor. Even if they exceed their corporate powers in procuring it, this forms no defence to it ; though it may lay a foundation for disfranchising, or otherwise dealing with them.— *Chester Glass Co.* vs. *Dewey,* 16 *Mass.* 94.—*Big. Dig.* 216. The town may have paid a valuable consideration for this bond : the seal estops the defendants from denying it ; and why does it not equally estop them from contesting the capacity of the obligee to enforce it ?—4 *Com. Dig.* 714.

But without having recourse to the doctrine of estoppels, it seems clear, that towns, parishes, &c., may enforce such contracts as are entered into with them voluntarily. The distinction is well

RUTLAND,
February,
1830.

Town of Pawlot
vs.
Strong et al.

recognized between those contracts which the corporation may compel, and those which are made without any reference to the statute. In the former case the corporation, &c. must strictly pursue the indicated course. But if any one choose to give the town a bond, without any previous proceeding, or liability, it is now clearly settled that it may be enforced.—*Middleham* vs. *Bellerby,* 1 *M.* & *S.* 310.

HUTCHINSON, J. delivered the opinion of the court.

The only objection, urged by the counsel for the defendants, is, that the bond set forth as the cause of action, taking it with what averments are contained in the declaration to support it, is illegal and void ; there being no statute provision that authorizes a town to take such a bond. This objection supposes a town incapable of taking any security, even in matters which relate to their corporate interests, unless in the exact cases, and in the precise forms, pointed out by statute. It is true, if it appeared by the declaration and pleadings, that the town had used the compulsory powers of the statute to obtain security in a case like the present, and the security obtained was the result of that compulsion, all must be conformable to the statute. So, if a town obtain a security for that, in which the town, as such, can have no interest, and this appears on trial, this security could, probably, avail them nothing. But, where the subject matter of the contract is the appropriate business and interest of the town, the court discover no reason why the contract with the town, suitably framed to secure that interest, should not bind the signers, as fully, as if made to an individual concerning his interest. The case, cited by plaintiffs counsel from 1st of *Maule and Selwin*, fully supports this doctrine. In 5th *Mass. Rep.* also, (page 314, *Morse* vs. *Hodgdon et al.)* is a decision in point. The suit was brought by *Morse* upon a replevin bond, which he had taken to himself, instead of the defendant in replevin, as directed by the statute. The court supported the action. Chief Justice *Parsons* says, " the statute directs the form of a replevin bond, but does not declare void one taken in a different form, and, it being given voluntarily, and the defendant in replevin having accepted it, I know of no statute or common law to render it void." There are several decisions reported from that state of similar import.

Our statute obliges each town to support the poor within such town. And there are several provisions in the statute, by which any town may have claims upon other towns, and upon individuals. Certain relations are holden to support their poor relations within certain degrees, and in a prescribed mode. Very incon-

venient would be the construction of this statute, that should prohibit an amicable adjustment of all these matters, and force all parties to go through the forms of litigation, when there is no disagreement between them.

RUTLAND,
*February,*
1830.

Town of Pawlet
*vs.*
Strong et al.

The bond in question relates to a subject, that may well concern the town of *Pawlet.* Their receiving such a bond shows, that they considered themselves interested to be indemnified against the support of these persons, named in the bond. These defendants voluntarily giving the bond, is an acknowledgement on their part, that the town ought to have security in the business. The various breaches assigned, and confessed by the demurrer, show, that there was no mistake in this, on either part ; for the town have been under the necessity of expending money for their support. But, it is urged that they expended none for more than a year after the bond was given. Be it so : the legitimate inferrence from this is, that the defendants fulfilled the condition of their bond for more than a year after it was given; and then ceased to fulfill.

It is further urged that it does not appear by the bond or the declaration, that the town had any claim upon these defendants for the support of the *Bakers.* It does appear that *Chester Baker* is son to *Rufus* and *Sybil.* But it does not appear, whether he was of such ability that a court would make order upon him for their support. Nor does it appear, but that all the defendants are either in some of the degrees of relationship to be holden, or are sureties for those who are so holden.

Sufficient appears in this declaration to show the bond a proper one for the town to receive, when voluntarily given by the defendants ; and, on these pleadings, the bond must be considered as thus voluntarily given.

If the defendants had pleaded in bar, *duress per minas,* or imprisonment, to compel the execution of this bond, the facts, disclosed in such plea, must have come under consideration, and might have presented a more formidable defence to the action.

Judgment that the declaration is sufficient.

*Royce* and *Hodges,* for plaintiffs.
*Williams* and *Harmon,* for defendants.

N. B. As soon as the above opinion was announced, a written motion was filed for the assessment of the damages by the jury ; and a question was raised, about the disposition of this motion.

*By the Court.*—As the damages are uncertain, either party has a right to have the same assessed by the jury; and a written request for that purpose being filed, the cause must go down to the county court for such assessment.