Wing v. Peck.

––––––––

## M. T. C. WING v. ADDISON PECK.*

*Usury. Pleading. Demurrer. Discharge under seal.*

The plaintiff brought his action for usury. The defendant pleaded a discharge, under seal, dated long after the loan; and the plaintiff demurred to the plea. *Held*, that the plea was sufficient; and that the discharge, under seal, imported a consideration. The plaintiff was allowed to replead.

HEARD on demurrer to the defendant's pleas at the March Term, 1881, REDFIELD, J., presiding, Washington County. Pleas sustained. The plaintiff filed a specification claiming to recover $50, and interest on the same from the 11th day of November, 1872.

### DEFENDANT'S PLEAS.

And for further plea the defendant, by leave of the court here for this purpose first had and obtained, according to the form of the statute in such case made and provided, says that the said plaintiff ought not to have or maintain his aforesaid action thereof against him because, he

–––––––

* Heard at the adjourned General Term, May, 1882.

says, that before the commencement of this suit, to wit: on the 22d day of July, A. D. 1876, the plaintiff in and by his certain writing of release by him signed, sealed and delivered to the defendant, released, acquitted and discharged the defendant from the said several promises and undertakings in the plaintiff's declaration mentioned, and each and every of them, and from all claim or claims the plaintiff had against the defendant for usury or extra interest paid by the plaintiff to the defendant, or included in notes, as by said writing of release, reference thereto being had, ready in court to be produced will more fully appear, which this defendant is ready to verify : wherefore he prays judgment if the said plaintiff ought to have or maintain his aforesaid action thereof against him and for his costs.

ADDISON PECK,<br>By his attorney, H. W. Heaton.

And for further plea the defendant, by leave of the court here first had and obtained, according to the form of the statute in such case made and provided, says that the said plaintiff ought not to have or maintain his aforesaid action thereof against him, because, the defendant says, that before the commencement of this suit, to wit : on the 22d day of July, A. D. 1876, the said plaintiff by his certain writing of release, signed with his hand and sealed with his seal and delivered to the defendant, the date whereof is a certain day and year therein mentioned, to wit : the day and year last aforesaid, which said writing of release, ready in court to be produced, is in the words and figures as follows :

" Whereas I, M. T. C. Wing, of East Montpelier, Vt., gave five notes of two hundred and ten dollars each, dated Nov. 11, 1872, signed by me and payable to Lucinda Cutler or bearer, which notes are now in the hands of Addison Peck, and whereas there has been some extra interest or commission to Addison Peck included in or paid on said notes ; now in consideration of the sum of two dollars this day paid to me by him, I hereby discharge all claims I have against said Addison Peck or the estate of the said Lucinda Cutler, either at law or in equity, for all extra interest or commission included in or paid on said notes.

Witness my hand and seal, this 22d day of July, 1876.

M. T. C. WING." ⟨ Seal ⟩

And the said plaintiff by said writing of release, signed, sealed and delivered as aforesaid, did thereby, for the consideration therein mentioned, release and discharge the said defendant from said several promises and undertakings in the plaintiff's declaration mentioned, and each and every of them, and from all the claims mentioned and set forth in the said writing of release, as by said writing of release will fully appear. And this the defendant is ready to verify: wherefore the defendant prays judgment if the said plaintiff ought to have or maintain his aforesaid action thereof against him, and for his costs.

ADDISON PECK,<br>By his attorney, H. W. Heaton.

*T. J. Deavitt,* for the plaintiff.

The question presented is, does the *receipt* or writing described prevent the plaintiff from recovering the balance *unpaid?* Is the

writing mentioned in the plea anything more than a receipt for for the sum of $2.00 ? I think not.

The 1st special plea does not allege *any* consideration for the release, not even a nominal one.

The 2d special plea alleges, in a way, a nominal consideration for the release by inserting a copy of the release in the plea, which is not sufficient.

It is a mere attempt at evasion of the law, a law which allows the usury to be recovered as a sort of punishment upon the offender. If such a receipt as this is to be held a bar, it will be easy indeed for extortioners to violate the law. *Allen* v. *Thrall*, 10 Vt. 255; *Nichols & Bliss* v. *Bellows*, 22 Ib. 581; *Barker* v. *Este*, 19 Ib. 136; *Thayer* v. *Partridge*, 47 Ib. 423.

*H. W. Heaton*, for the defendant.

It is insisted that the plaintiff's discharge, under his hand and seal, which is set out in the defendant's second plea in bar, with all necessary averments, effectually discharged the plaintiff's claim as stated in his said specification.

The right to recover usury paid is personal to the party paying it. *Low* v. *Pritchard*, 36 Vt. 191. And such party can alone enforce it. *Austin* v. *Chittenden*, 33 Vt. 553; *Churchill* v. *Cole*, 32 Vt. 93.

The party paying the usury may release it, and it would seem that it may be done either with or without consideration. *Churchill* v. *Cole*, 32 Vt. 93.

The opinion of the court was delivered by

ROWELL, J. This case is free from any attempt to evade the Statute of Usury, and presents the simple question, whether a claim for money paid as usury can be discharged without actual satisfaction, long after the money has been paid. This is unlike the case of *Herrick* v. *Dean*, reported elsewhere in this volume. There, resort was had to a device to evade the statute at the time the loan was made, and while the borrower's necessities were upon him; while here, the borrower, long after the loan, voluntarily elects to discharge his claim.

We see no legal reason why such a claim, in the circumstances of this case, may not be discharged, the same as any ordinary claim for the recovery of money. *Churchill* v. *Cole*, 32 Vt. 93. The discharge being under seal, imports consideration. "If the obligee do receive a part, and thereof make an acquittance under his seal in full satisfaction of the whole, it is sufficient, by reason the deed amounteth to an acquittance of the whole." Co. Litt. [212 b.]

We find no error in the judgment below ; but, on motion of the plaintiff, that judgment is reversed, *pro forma*, and the cause remanded, with leave to the plaintiff to replead on the usual terms.