# COUNTY OF FRANKLIN,

### AT THE

## JANUARY TERM, 1883.

### PRESENT:

Hon. TIMOTHY P. REDFIELD,
Hon. JONATHAN ROSS,
Hon. WHEELOCK G. VEAZEY, } Assistant Judges.
Hon. JOHN W. ROWELL,

---

## O. F. BELLOWS *v.* E. A. SOWLES.

### *Consideration. Compromise. New Trial.*

The plaintiff was heir-at-law of the defendant's testator, but received nothing under
the will. The defendant was executor, and his wife and daughter legatees.
The plaintiff claimed that he had determined to contest the will on the ground
that it had been obtained by undue influence, that he had given notice of his
intention to the Probate Court, that he had employed counsel, and had been
advised by him to make opposition ; that this was known to the defendant ;
that the defendant promised to pay the plaintiff $5000 if he would desist in such
opposition; that the plaintiff, in consideration of such promise, did forbear; and
that the will was approved without delay. *Held*, in an action to recover the
five thousand dollars,

1. The plaintiff was neither bound to allege, nor prove, that undue influence had been
used to procure the making of the will.

2. But the consideration was sufficient if he was able to show that he honestly thought
he *had good and reasonable ground* for making the claim that the will, so far as

it re'ated to him, was the production of undue influence, and for that reason he *honestly and in good faith intended* to oppose its establishment.

3. A doubtful right compromised, to be a good consideration for a promise, must upon reasonable grounds be honestly entertained. There must be a yielding of something by each party.

4. A new trial was denied on the ground that the alleged matter, if established, the conrt could not say, would change the result.

ASSUMPSIT, with two special counts and common counts. Pleas, the general issue, special pleas in bar, and notice of special matters in defence. Trial by jury, September Term, 1880, ROYCE, J., presiding. Verdict for the plaintiff. The declaration alleged in substance:

That the plaintiff was a relative and heir-at-law of Hiram Bellows; that by the terms of the last will of said Bellows no allowance was made for the plaintiff; that the plaintiff claimed and insisted that he was left out of said will, and that no provision or allowance out of the estate was made for him through undue influence used upon said Bellows by said defendant-and his wife, and that said will was void; that " whereas, the said defendant, being then and there the executor named in said will, and being largely interested personally in said estate, and as legatee and the husband of the principal legatee under that will, and well knowing the claims of the plaintiff, and that he had employed counsel as aforesaid, and that other heirs were then and there making similar claims, and being anxious to have said will sustained, had also employed counsel for that purpose, and it was then and there expected by the parties that a contest would be had upon the approval of said will, which would involve the expenditure of a large amount of money and hinder and delay the settlement of said Hiram Bellows' estate and the receipt by the said defendant and his said wife of their said legacies, and other sums of money which the defendant would otherwise receive.

" And the plaintiff avers that on, to wit, the 6th day of December, A. D. 1876, to wit, at St. Albans, aforesaid, the plaintiff met the defendant, by appointment, at his, defendant's, house, and then and there the matters and things above set forth were fully talked over and discussed, and then and there, in consideration of the premises, and that the said plaintiff, at the special instance and request of the said defendant, would see one Charlotte Law, who was an heir of said Hiram Bellows, and was then and there intending to contest the validity of said will, and would use his influence to have her allow said will to be approved, and that the plaintiff would forbear to contest the approval of said will of the said Hiram Bellows and allow the same to be approved by the Probate Court, aforesaid, and would not appeal from the decision of said court, he, the said defendant, undertook and then and there faithfully promised to pay the plaintiff the sum of five thousand dollars, whenever, after twenty days had elapsed from the date of the approval of said will by said Probate Court, he should be thereunto requested, to wit, at St. Albans, aforesaid. And the said plaintiff avers that, confiding in the promise and undertaking of the said defendant, so made, as aforesaid, afterwards, to wit, on the day and year aforesaid, he did see Charlotte Law, and did use his influence with her to allow said will to be approved, and did forbear to

contest the approval of said will of the said Hiram Bellows, and did allow the same to be approved by said Probate Court, and did not appeal from said approval."

On trial it appeared that said Bellows died testate, on the 18th day of October, 1876; that his will was presented to the Probate Court on the 13th day of November, 1876, was probated on the 7th day of December, following, and no appeal taken from its allowance; that the plaintiff was a nephew and heir of said Bellows, and not a legatee; that the defendant was not an heir, but executor, and his wife and daughter were both legatees; and that the estate was worth between $250,000 and $300,000. There was no evidence in the case tending to show any want of capacity on the part of said Bellows to make a will, or to show that any ground of action existed for contesting the validity of the will, or that any doubt existed as to its validity, and no cause was shown why it should not have been admitted to probate, except the evidence of the plaintiff.

The plaintiff's evidence tended to show that shortly after the death of Mr. Bellows he learned what the provisions of the will were, that he determined to contest its probate; employed counsel who looked up the law and evidence of the case and advised plaintiff to contest it; that he gave the Probate Court notice of his intention to contest the will; and that on the sixth day of December, the day before the day set for the probate of the will, he came to St. Albans with counsel, for the purpose of contesting the will, and that on the evening of that day, upon the invitation of the defendant, he, in company with his brother James, went to defendant's house to talk over the matter; that they talked about contesting the will; that plaintiff said that he had come out to test the will; that he thought it was not a will Mr. Bellows ever made; that he thought it was got up by the defendant and his wife; that defendant replied, that was no use; that he had seen Judge Aldis, and that he had looked the will over and that it could not be broken; that plaintiff replied that his counsel told him that it could; that defendant then wanted to know what he wanted, and plaintiff said he ought to have ten thousand dollars; and defendant replied, that was too much; whereupon plaintiff said the Atwood boys got five thousand dollars each, and that he (plaintiff) was nearer to deceased than they, and that his counsel advised him not to take anything less than ten thousand dollars; that defendant said he wanted to get the matter straightened out as

soon as he could, and if it was contested it was agoing to expose a great many things that he would rather be kept back ; that it was agoing to make taxes higher, and everything else ; that defendant then asked him if plaintiff would take five thousand dollars ; and that plaintiff then consulted with his brother privately, and conclnded he had better accept than to go on and have a lawsuit about it ; and thereupon told defendant he would accept it ; that defendant said if he, plaintiff, would not appear to contest the will and would try to prevent others from doing it, he should have as much as that ; that he, plaintiff, proposed to put it in writing, but defendant said to him, " Do you doubt my word? " and plaintiff replied, " I don't doubt your word ; " that plaintiff was not to enter an appeal from the allowance of the will ; that defendant agreed to pay the five thousand dollars as soon as he was satisfied that nobody appeared to contest the will, after the twenty days from its allowance had passed ; that plaintiff said he would take the offer ; that defendant asked plaintiff if he thought there were any others who were coming in to contest the will ; that plaintiff said he did not know of any others, except it was Charlotte Law ; that plaintiff said he would go and see her, and if she had a notion to come down and contest the will, he would try and persuade her not to, and the defendant said he thought that he, plaintiff, had better see her ; that Mrs. Law was a niece of said Hiram Bellows, and lived in Cambridge, Vt. ; that within three or four days, and before the twenty days had expired, he, the plaintiff, did see Mrs. Law and did use his influence with her not to contest the will, but he did not influence, or attempt to influence, anyone else in that respect. There was no evidence in the case that Mrs. Law ever designed or intended to contest the will, but on the contrary, Mrs. Law testified that she did not make any preparation to contest the will and that she thought she never designed to, and that plaintiff did not use his influence with her not to contest the will. The defendant's evidence, which was uncontradicted in this respect, showed that Mr. Bellows, at the time he drew up and executed his will, was a man of great firmness and decision of character, and not easily influenced by others ; that the will was composed and written by him, and was introduced in evidence ; that he, with his family, lived in the same family with said Bellows for twelve or thirteen years previous to the death of said Bellows ; and that no influence was ever had or attempted upon him in regard to his will.

The defendant filed a motion for a verdict :

(1.) Because said declaration does not allege that the plaintiff

had been left out of the will through any undue influence; (2.) there is no evidence in the case tending to show that any undue influence had been used; (3.) there is no evidence in the case tending to show that any reasonable doubt existed as to the validity of the will; (4.) the evidence shows that plaintiff has no cause of action.

Motion overruled. The defendant requested the court to charge the jury:

First, that the statement of plaintiff, that defendant said to him his wife could wind Mr. Bellows round her fingers, is not to be considered by them as evidence tending to show that any undue influence had been used. Second, that if the jury find that Charlotte Law was not intending to contest the validity of the will, or that if plaintiff did not use his influence with her to have her allow said will to be approved, they should render a verdict for the defendant. Third, that there is no evidence in the case tending to show any just cause why the will should not have been admitted to probate as valid, nor that any doubt existed as to its validity, and that their verdict should be for the defendant. Fourth, that if the jury find that the plaintiff, as a reasonable, prudent and conscientious man, had no good ground to believe that any undue influence had been used, and had no good reason to doubt the validity of the will, then the verdict should be for the defendant.

The court refused the requests. After verdict the defendant filed a motion in arrest. The reasons given were nearly like those in the motion for a verdict. Motion overruled. The defendant then moved to set aside the verdict and for a new trial, on the ground that one of the jurymen was an alien. This motion was tried by the court, and the court found that he was a citizen. Questions arose as to the admission of certain evidence on this motion; but it is not necessary to state them, as they were not decided by the court.

*Edson, Start & Cross* and *L. P. Poland*, for the defendant.

The court should have ordered a verdict for the defendant. The declaration must allege that there was a debt due, or a probable ground to enforce a well-founded claim between the parties in law or equity forborne, or there must be a compromise of a doubtful claim or right. *Busby* v. *Conway*, 8 Md. 55; *Mulcho-*

*land* v. *Bartlett*, 74 Ill. 58 ; *Jones* v. *Ashburnham*, 4 East, 455, 463 ; 1 Parsons Con. 465–467 ; *Allen* v. *Proper*, 35 Ala. 173 ; Abb. Tr. Ev. 815 ; 47 N. H. 294. Forbearance must be absolute and binding on both parties. 1 Hilliard Con. 256. The declaration does not aver, nor the proof tend to show, that Charlotte Law ever had any intention to contest the will, but her evidence shows the contrary. For the want of such averments and proofs, the consideration of plaintiff's alleged promise fails. *Wade* v. *Simeon*, 52 E. C. L. 564 ; 4 East, 363 ; *Edwards* v. *Baugh*, 11 M. & W. 639 ; *Prater* v. *Miller*, 25 Ala. 320 ; *Stewart* v. *Bradford*, 26 Ala. 410 ; *Ecker* v. *Buha*, 45 Md. 278 ; *Jarvis* v. *Sutton*, 3 Ind. 289 ; *Martin* v. *Black*, 20 Ala. 307. The case shows that defendant had no interest, either as heir or legatee of Hiram Bellows ; therefore a promise by him to pay a sum of money for the forbearance of plaintiff to contest the will is wholly without consideration. *Holt* v. *Robinson*, 21 Ala. 111 ; *Busby* v. *Conway*, 8 Md. 55 ; *Seamon* v. *Seamon*, 12 Wend. 381 ; 5 Allen, 473 ; *Smith* v. *Rogers' Est.* 35 Vt. 140 ; 44 N. Y. 648 ; *Sullivan* v. *Collins*, 18 Iowa, 228 ; 1 Parsons Con. 366 ; Chit. Con. 33, 41, n. m. Where no consideration is stated, or an insufficient one is alleged, the defendant may demur or move in arrest, or move for a verdict. 1 Chit. Pl. 298 ; *Needham* v. *McAuly*, 13 Vt. 68 ; *Edwards* v. *Baugh*, 11 M. & W. 639 ; *Vadaken* v. *Soper*, 1 Aik. 287 ; *Dolcher* v. *Fry*, 37 Barb. 152 ; *Busby* v. *Conway*, 8 Md. 55 ; *Goodenough* v. *Huff*, 53 Vt. 483. The evidence tended to show that plaintiff had no just claim in law or equity upon which to contest the will, and a promise to forbear to make such contest by one person, will not be enforced for want of consideration. 1 Parsons Con. 365 ; Chit. Con. 33, 43, 44 ; Hilliard Con. 266, s. 20.

*Wilson & Hall, G. A. Ballard, Noble & Smith* and *Farrington & Post*, for the plaintiff.

The declaration sets out a good cause of action, and the evidence supports it. 1 Chit. Pl. 673–679 ; *Battles* v. *Braintree*, 14 Vt. 348 ; *Curtis* v. *Burdick*, 48 Vt. 166 ; *Closson* v. *Staples*,

42 Vt. 226 ; 49 Vt. 17. There was a valid consideration for the promise. The agreement not to oppose the probate of the will, nor to appeal from its allowance, was a waiver of a legal right. *Baylies* v. *Payson*, 5 Allen, 473 ; *Downer* v. *Church*, 44 N. Y. 648 ; *Smith* v. *Estate of Rogers*, 35 Vt. 140 ; *Templeton* v. *Bascomb*, 33 Vt. 133 ; *Hammond* v. *Cook*, 25 Vt. 297 ; *Blake* v. *Peck*, 11 Vt. 483 ; *Seaman* v. *Seaman*, 12 Wend. 381 ; 4 Ill. 203. The jury have found from the evidence, under the charge of the court, that the plaintiff did see Charlotte Law, and did use his influence to prevent her contesting the will. This is also a sufficient consideration. *Kerr* v. *Lucas*, 1 Allen, 279 ; *Sanborn* v. *French*, 22 N. H. 246–248 ; *Whittle* v. *Skinner*, 23 Vt. 531 ; *Oakley* v. *Boorman*, 21 Wend. 588. No question of variance can be raised here. R. L. s. 1391 ; 49 Vt. 304. The defendant is liable upon his promise. 3 Redf. Wills, 320 ; 1 Wait Act. & Def. 96, 97 ; Parsons Con. 438–440 ; *Dolcher* v. *Fry*, 37 Barb. 152 ; *Russell* v. *Cook*, 3 Hill, 504 ; *Dixon* v. *Evans*, 5 Eng. & Irish App. Cases, 606 ; *White* v. *Hoyt*, 23 N. Y. 514.

The opinion of the court was delivered by

Ross, J. The exceptions taken on the trial, as well in regard to the defendant's motion for a verdict, as in regard to the refusal of the court to charge as requested, relate mainly to the subject of the consideration for the defendant's promise. This subject, and the particular phase of it involved in this case, was under consideration in *Ormsbee* v. *Howe*, 54 Vt. 182. It is there said : "The compromise of a doubtful right is a sufficient consideration for a promise, and it does not matter on whose side the right ultimately turns out to be." The soundness of this proposition is not fairly open for debate. It is elementary. The plaintiff was heir at law of Hiram Bellows. He was interested in whatever disposition he made of his property. He had the right to oppose the establishment of any will made by him when offered for probate. Not being a legatee or devisee in the will of Hiram Bellows, it was for the plaintiff's interest to prevent the establishment of the will. The defendant was named executor in the will, and

his wife and daughter were special legatees, and his wife the residuary legatee. He was, therefore, interested in the establishment of the will. Hence, if the plaintiff had any reasonable, *bona-fide* ground to oppose the establishment of the will, and forbore to exercise such right at the request, and because of the promise of the defendant, such promise would be founded upon a good consideration. There was evidence tending to show such forbearance and promise. By such forbearance the defendant gained what was of value to him, the establishment of the will without delay or opposition, and at less expense, and the plaintiff lost what might be of value to him, the opportunity to oppose its establishment, either of which was a good consideration for the promise. It was not necessary for the plaintiff to allege and prove that his ground of opposition to the will would have been found sufficient to have defeated its establishment. It was enough if he had an honest, reasonable ground of opposition and intended to use it, and forbore to do so on account of the defendant's promise. Hence the defendant was not entitled to have his motion to have a verdict ordered by the court in his favor complied with. The plaintiff was neither bound to allege nor prove that undue influence had been used to procure the making of the will. But he was, when that was brought in question, bound to show that he honestly thought he had good and reasonable ground for making the claim that the will so far as it related to him was the production of undue influence, and for that reason he honestly intended to oppose its establishment. Whether the plaintiff acting as a reasonable, prudent and conscientious man, had good ground to believe undue influence had been used, and for that cause he had good reason to doubt the validity of the will, and therefore honestly proposed to oppose its establishment, or whether he had no good ground to believe undue influence had been used, and so had no good reason to doubt the validity of the will, and dishonestly put the same forth as a ground of opposition to the establishment of the will, makes a very material difference in regard to the consideration his action would afford to support the defendant's promise to pay him five thousand dollars for forbearing to oppose the establishment of the will. On the first sup-

position his forbearance would be the yielding of a right which he honestly upon reasonable grounds supposed existed and intended to assert, and would furnish ample consideration for the defendant's promise. On the latter hypothesis, his opposition to the will was dishonest, unfounded, factitious, and set up to extort money from the defendant. In short, his opposition to the will, if successful, would be a blackmailing operation. There is no essential conflict in the authorities produced by the parties on this subject. Cases can be found where no claim is made but that the compromised right was an honest one, honestly entertained and asserted, and in which no reference is made to the *bona-fide* character of the transaction. The doubtful right compromised, to be a good consideration for a promise, must upon reasonable grounds be honestly entertained by the person proposing to assert it. It is neither necessary to allege nor prove that the right actually existed. The case of *Ormsbee* v. *Howe, supra,* is in point. If money has been actually paid in compromise of a false and fraudulent claim dishonestly made and asserted, it may be recovered back as held in *Hoyt* v. *Dewey,* 50 Vt. 465. Upon these views of the law the defendant's first and third requests were properly refused ; but his fourth request should have been substantially complied with. It is, however, claimed that if the plaintiff yielded no right, the defendant gained by the compromise in that he avoided delay and expense in the establishment of the will, and for this reason he should be held to perform his promise. But if the plaintiff's opposition to the establishment of the will was fraudulent and put forth to extort money, he would not only yield nothing, but the defendant would gain nothing, by the compromise ; that is, there would be no compromise, because nothing on one side of it. A compromise is the yielding of something by each of two parties, and can only exist when something is yielded by each party to it. Besides, *fraud* in the foundation of a claim permeates the whole superstructure, taints and vitiates the entire transaction. *Ormsbee* v. *Howe, supra.* It is probable the plaintiff in such a case would be liable for whatever expense he should cause the defendant by the dishonest assertion of a false claim to extort money. *Hoyt* v. *Dewey, supra.* The defendant's motion

in arrest of judgment, on these views, was properly overruled.

The other questions arising on the motion for a new trial in regard to the disqualification of the juror Hibbard, will never arise again probably in the new trial of this case, and need not be considered. It presents some nice questions in regard to presumptions which are not altogether free from difficulty. On the exceptions the judgment of the County Court is reversed, and cause remanded for a new trial.

The petition for a new trial is not sustained. The alleged matter is so far collateral to the main issue that the court cannot say it would, if established, avail to change the result if a new trial should be granted thereon. The same is dismissed with costs to the petitionee.