ARTHUR WILDER, SURVIVING PARTNER,

v.

ST. JOHNSBURY & LAKE CHAMPLAIN RAIL-
ROAD COMPANY.

GENERAL TERM, 1891.

*Railroad companies. Illegal freight charges. Accord
and satisfaction.*

1.  The plaintiff had a claim against the defendant which the
    defendant disputed and refused to pay.    The defendant had
    a claim against the plaintiff for freight charges which the
    plaintiff insisted were illegal, and which he refused to pay
    for that reason.    The defendant brought suit for its freight.
    Thereupon all matters in dispute between the parties were
    settled by offsetting the claims of the parties, and the pay-
    ment of a small balance by the plaintiff.    *Held*, that this
    was an accord and satisfaction, and that the plaintiff could
    not recover the amount of the illegal freight charges, pro-
    vided the defendant made its above claims in good faith.

2.  The plaintiff's claim was for the construction of an elevator
    upon the premises of the defendant, and it was found that
    the defendant had agreed to pay the plaintiff this expense
    before the elevator was constructed.    *Held*, that this would
    not preclude the idea that the defendant denied its liability
    in that particular in good faith, for the defendant might
    have honestly believed otherwise than the court found.

3.  It was admitted that the rate charged the plaintiff was higher
    than that charged the Fairbanks company, his competitor,
    but the defendant insisted that it received certain advantages
    in return from that company under the contract with it,
    which made the rate in effect equal.    *Held*, that whether,
    as matter of law, the defendant could legally make the lower
    rate under the circumstances, it might honestly suppose that
    it could.

4. The settlement was not in effect merely a payment of the defendant's claim for freight charges, but a compromise, since each party was fully aware of the claims of the other.

Assumpsit for the recovery of certain illegal freight charges. Pleas, the general issue, statute of limitations, and settlement. Trial by court at the May term, 1890, Caledonia county, TYLER, J., presiding. Judgment for the plaintiff. The defendant excepts. '

The plaintiff brought suit as the surviving partner of the firm of William Wilder & Son. The illegal charges sued for covered the period from May 1, 1883, to May 1, 1884. During this period the firm were engaged in the coal business at St. Johnsbury, Vt., and shipped large quantities of coal over the defendant's railroad from Maquam to St. Johnsbury. The E. & T. Fairbanks Co. were also dealers in coal at St. Johnsbury. The tariff rate on coal from Maquam to St. Johnsbury was $2 per ton. From this rate the plaintiff's firm was allowed a rebate of 30 cents per ton. The Fairbanks company was allowed a rebate of 75 cents per ton, but in consideration of this agreed to ship their scales, of which they manufactured large quantities, over the defendant's road, to furnish the defendant certain supplies at cost and to advance money to meet its current expenses when necessary.

In 1883 the plaintiff's firm built an elevator at Maquam at an expense of about $2,400, to facilitate the unloading of their coal. Before this was built, the defendant agreed to allow the plaintiff's firm what it cost.

The defendant transported large quantities of coal for the plaintiff's firm, and that firm made large payments on account of the freight charges, these payments being made generally and without any special application. The plaintiff claimed that his firm should be allowed a rebate of 75 cents, and refused to pay more on account of freight until this claim was allowed. April 24, 1884, the defendant

brought suit against the plaintiff's firm, returnable to the June term, Caledonia county, for this freight.    On June 3 this suit was settled.    The settlement was made by William Wilder and Jewett, the superintendent of the defendant, both of whom had deceased.    It did not appear what the terms of the settlement were farther than this:    Arthur Wilder instructed the plaintiff to have all the freight bills receipted, to receipt their bill for the expense of the elevator and all other bills against the defendant, and give their check for the difference, which was done.

The court found that Jewett denied that the defendant was liable on account of the construction of the elevator, and refused to pay the plaintiff's bill for the same, but that it did not appear on what ground he based that denial of liability.

*S. C. Shurtleff* for defendant.

The plaintiff, by his settlement with the defendant, with a full knowledge of all the facts, voluntarily paid the claim of the defendant, and he cannot now recover back the amount so paid.    *Sowle* v. *Sowle*, 59 Vt. 131 ; *Taggart* v. *Rice*, 36 Vt. 237 ; *Williams* v. *Colby*, 44 Vt. 40 ; *Town* v. *Corrin*, 9 Am. Dec. 680 ; *Waite* v. *Merrill*, 16 Am. Dec. 238 ; *Morvatt* v. *Wright*, 19 Am. Dec. 508 ; *Deckens* v. *Jones*, 17 Am. Dec. 488 ; *Kennith & Wilson* v. *S. Carolina R. R. Co.*, 98 Am. Dec. 382 ; *Evershed* v. *London and Northwestern R. R. Co.*, 3 Q. B. D. 147 ; *Claflin* v. *McDonough*, 84 Am. Dec. 54 ; *Denny* v. *Ryles*, 96 Am. Dec. 617 ; *Spafford* v. *B. & M. R. R. Co.*, 128 Mass. 326 ; *Cheney* v. *B. & M. R. R. Co.*, 11 Met. 121 ; *Bacon* v. *Bacon*, 17 Pick. 134 ; *Farbur* v. *Appleton*, 5 Cush. 115.

*W. P. Stafford* for the plaintiff.      .            .

The defendant had no defence to the plaintiff's claim for

building the elevator; therefore its allowance of that claim was no consideration for any compromise at the time of the settlement. *Bellows* v. *Sowles,* 55 Vt. 391 ; *Hoyt* v. *Dewey,* 50 Vt. 465 ; *Ormsbee* v. *Howe,* 54 Vt. 182 ; *Hawley* v. *Farrar,* 1 Vt. 420.

The opinion of the court was delivered by

MUNSON, J. It is provided by No. 36, Acts of 1882, that every corporation operating a railroad shall give to all persons reasonable and equal terms, benefits, facilities and accommodations for the transportation of freight; and that a corporation violating the above provision shall be liable to the aggrieved party, in any proper form of action, for all damages sustained by reason of such violation. The plaintiff brings this action of general assumpsit to recover freight charges paid the defendant for the transportation of coal, in excess of the rates given a competing dealer. If the right to recover such an overpayment is given by the statute, no question is made but that this form of action is a proper one; so we give no consideration to the form of the action.

The case discloses the relations which the Fairbanks corporation sustained to the defendant, and the circumstances under which it was allowed a rebate larger than that given the plaintiff. It appears that this allowance was agreed upon in connection with certain stipulations on the part of the corporation which were of material advantage to the defendant. In view of all that is shown, it is insisted that the benefits received by the two shippers were in reality not unequal. The case will be disposed of, however, without considering whether the difference made, under the circumstances shown, was an unlawful discrimination.

The facts upon which the remaining points are raised can be briefly stated. The plaintiff had made payments on the freight charges from time to time, not in settlement of particular bills, but as general payments on account. The

defendant was claiming a balance of unpaid freights, and the plaintiff was insisting that he be credited a rebate equal to that allowed his competitor. An elevator had been constructed by the plaintiff upon lands of the defendant, for the building of which the plaintiff had presented an account; and there was a dispute between the parties as to which was to bear this expense. At this stage of the controversy the defendant sued the plaintiff on the freight account, but before the suit was entered in court all matters in dispute were adjusted, the plaintiff conceding the defendant's claim as to freights, and the defendant accepting in satisfaction thereof a receipted bill for the elevator claim and a small check to balance. The plaintiff now sues for the claimed overcharges covered by this adjustment; and the defendant insists that if the charges were illegal, they were voluntarily paid and cannot be recovered.

It is a universally recognized doctrine of the common law that money voluntarily paid upon an illegal demand, with a knowledge of all the facts affecting its legality, cannot be recovered. There is no question but that the payment in this case was made with full knowledge of the facts; and if the case were to be disposed of on the claim stated it would be necessary to consider whether this was a voluntary payment in the legal sense of the term; and if held to be voluntary, whether the recovery of such a payment is authorized by the statute. But this branch of the case will be left without consideration; for we think the facts reported require a judgment for the defendant on the ·ground of accord and satisfaction.

It is clear that this settlement of the parties, arrived at by mutual concessions, is binding upon the plaintiff as an accord and satisfaction, if the claim presented by the defendant was of such a nature that its release was a sufficient consideration for the plaintiff's action, and if the defendant's objection to the claim presented by the plaintiff was honestly made.

If the plaintiff's action was based upon a valuable consideration and not influenced by fraud, he cannot avoid the transaction.

An acknowledgment of the satisfaction of a claim which is demanded in good faith and with color of right, is a sufficient consideration to support an accord and satisfaction, although the claim is in fact uncollectable. In a case where the law establishes a definite compensation for a definite service, and a further sum is demanded of one who has paid the lawful charge, the nature of the law may be such as to leave no room for doubt, and negative the good faith of the demand. The only provision regulating the traffic of these parties was a general requirement that all persons be given equal terms, benefits, facilities and accommodations. It may be said that although the requirement is thus general, the giving of a rate to one fixes a definite rate for all, and that if an additional compensation be demanded of some, the matter of colorable right and good faith must stand the same as if a definite rate were fixed by law. But the rate which the plaintiff takes for the standard was given the Fairbanks company in consideration of an agreement by that company to render certain services for the railroad without charge. The defendant insisted, and now insists, that in view of the service rendered the railroad under this agreement, the Fairbanks company received no advantage over the plaintiff. It is evident that the claim of the defendant was one that could be urged in good faith and with color of right, and that the accord and satisfaction cannot be disposed of on the ground that the demand was of such a nature that its release afforded no consideration for the plaintiff's action. *Bellows* v. *Sowles*, 55 Vt. 391.

Again, if the defendant knew that the elevator claim made against it by the plaintiff was just, and denied its liability thereon in order that it might, under cover of a mutual concession and offset of disputed claims, accomplish in effect a

collection of its freight charges while apparently canceling them by way of compromise, its action therein was fraudulent, and will enable the plaintiff to repudiate the settlement. *Headley* v. *Hackley*, 50 Mich. 43. It appears from the findings of the court below that the expense of the elevator was to be paid by the defendant, and that the arrangement to that effect was made by the same official who afterwards denied the defendant's liability and effected the settlement. But these facts do not establish the existence of fraud. The superintendent may not have understood the agreement as it was finally established by the court, or, understanding it correctly, may have afterwards forgotten its import. As either of these things is possible, the findings above stated cannot be said to amount to a finding of fraud; and fraud is not to be presumed.

But the plaintiff insists that the compromise was only a method of payment, and that after the overcharges were thus satisfied there remained a right to recover them, and that this right has not been compromised nor waived. If the overcharges had been actually paid, the plaintiff could have discharged his right to recover them by an instrument under seal. *Wing* v. *Peck*, 54 Vt. 245. If they had been actually paid, and the right to recover them had been embraced in an accord and satisfaction, the plaintiff would have been bound by the settlement. The consideration conclusively presumed from the seal in one case would have been seen to exist in the other; and no reason occurs to us why one method of settlement would not be as effectual as the other. If the dispute about the freights had not involved the question of their legality, the accord and satisfaction might have left the plaintiff at liberty to raise that question afterwards. But as the plaintiff's refusal of payment was on the ground of illegality, we think the accord and satisfaction covered every right which the plaintiff could assert on that ground. The setting of one disputed claim against

the other operated not only as a payment on the part of the plaintiff, but as a discharge of his right to demand its return.

*Judgment reversed, and judgment for the defendant.*