## CONNECTICUT RIVER LUMBER CO.

### v.

### F. H. AND A. H. BROWN.

OCTOBER TERM, 1895.

*Accord and satisfaction.    Acceptance of tender.*

1. A claim of defense made in good faith and with color of right is a sufficient consideration for an accord and satisfaction.

2. The plaintiff and defendants being at variance as to the amount due for a quantity of lumber, the defendant sent the plaintiff a check for the amount which they conceded to be due with this letter : "We send you enclosed our check for $1,014.35 in full settlement for all demands to date. If this is refused by you we shall make the tender in a legal way." The plaintiff accepted and collected the check. *Held,* an accord and satisfaction.

Book account. Heard upon the report of an auditor at the June term, 1895, Caledonia county, START, J., presiding. Judgment for the defendants. The plaintiff excepts.

*Dunnett & Slack* for the plaintiff.

The defendants had no valid defense. *Gilson* v. *Bingham*, 43 Vt. 410; *Estey et al.* v. *Read*, 29 Vt. 278; *Dennis* v. *Stoughton*, 55 Vt. 371; *Studer* v. *Bleisten*, 22 N. E. Rep. 243.

The delivery and acceptance of the check was not an accord and satisfaction. *McGlynn* v. *Billings*, 16 Vt. 329;

*Miller* v. *Holden*, 18 Vt. 337 ; *McDaniels* v. *Lapham*, 21 Vt. 222 ; *Gassett* v. *Andover*, 21 Vt. 342 ; *Cole* v. *Transportation Co.*, 26 Vt. 87 ; *Brigham* v. *Dana*, 29 Vt. 1 ; *Preston* v. *Grant*, 34 Vt. 203 ; *Towsley* v. *Healey*, 39 Vt. 522 ; *Broomley* v. *School District*, 47 Vt. 381 ; *Childs* v. *Insurance Co.*, 56 Vt. 609 ; *Baptist Society* v. *Ladd*, 58 Vt. 95 ; *Rubber Co.* v. *Wringer Co.*, 58 Vt. 551 ; *Van Dyke* v. *Wilder & Co.*, 66 Vt. 579 ; *Goodwin* v. *Marvell*, 25 Vt. 386 ; *Wright* v. *Allen*, 4 Vt. 572 ; *Wheeler* v. *Wheeler*, 11 Vt. 60 ; *Shaw* v. *Clark*, 6 Vt. 507.

*L. M. Read* for the defendants.

The acceptance of the check was an accord and satisfaction. *McGlynn* v. *Billings*, 16 Vt. 329 ; *McDaniels* v. *Lapham*, 21 Vt. 222 ; *Cole* v. *Transportation Co.*, 26 Vt. 87 ; *Preston* v. *Grant*, 34 Vt. 203 ; *Foster* v. *Drew et als.*, 39 Vt. 51 ; *Baptist Convention* v. *Ladd*, 58 Vt. 95 ; *Van Dyke* v. *Wilder*, 66 Vt. 579.

THOMPSON, J. The plaintiff contracted with the defendants to deliver them a certain quantity of lumber, at an agreed price, on board the cars at Bellows Falls, Vt. This suit is brought to recover the balance claimed to be due for lumber delivered under this contract. The defendants claimed that some of the lumber was not such as was required by the contract, in respect to quality and the manner in which it was sawed. They also claimed that they were damaged by reason of the failure of the plaintiff to deliver lumber within the time agreed. These claims were controverted by the plaintiff. The last car load of lumber was shipped to the defendants June 24, 1880, and there was then due the plaintiff at the contract price, as it claimed, $1,265.94. The defendants claimed there was not so much due from them. The parties being unable to settle, the matter drifted along until the 20th of August following, when

the plaintiff by letter informed defendants that their bill must be settled at once or the same would be put into the hands of an attorney for collection. On receipt of this letter, August 21, the defendants sent plaintiff by mail, a check for $1,014.35, enclosed in a letter from them, of that date, in which among other things they wrote : "We send you en-closed our check for ten hundred fourteen dollars and 35-100 ($1,014.35) in full settlement of all demands to date. If this is refused by you we shall make the tender in a legal way." The plaintiff received this letter and check in due course of mail, and collected the check in due course of busi-ness, and gave the defendants credit for the same on the amount it claimed to be due it for the lumber.

The plaintiff contends that the defendants had accepted the lumber so that they were precluded from setting up de-fects in it as a defense and that as the price was fixed by the terms of the contract, the sum due was certain and liqui-dated, and that, therefore, there was no legal ground for a compromise, and that the amount paid, under the circum-stances disclosed, only extinguished defendants' debt *pro tanto*. The plaintiff also insists that the terms of the letter enclosing the check, were not such as to make the accept-ance and collection of the check operate as a satisfaction of its claim.

We think the defendants's claims were such as could be urged in good faith and with color of right. This is all that was requisite as a ground for compromise, even though they in fact had no defense to plaintiff's claim. *Bellows* v. *Sowles*, 55 Vt. 391 ; *Wilder* v. *Railroad Co.*, 65 Vt. 43.

Whether the acceptance of the check operated as a satis-faction of plaintiff's claim depends upon the construction which should be given to the letter of the defendants.

The doctrine running through the cases, is, that where a party makes the offer of a certain sum to settle a claim, when the sum in controversy is open and unliquidated, or

honestly believed by him to be so, and attaches to his offer
the condition, that the same, if taken at all, must be received
in full, or in settlement, or in satisfaction, of the claim in
dispute, if the other party receives the money, he takes it
clogged with the condition which the other party attached to
it, and it operates as a satisfaction of the claim, notwithstand-
ing the creditor does not intend it to have such effect, and so
declares when he receives the money.    This rule is dis-
tinctly stated in *McDaniels* v'. *Lapham*, 21 Vt. 222, and is
recognized in many of the cases cited by both parties.    We
think the fair construction of the defendants' letter is that
the check for $1,014.35 was offered to the plaintiff upon the
condition that it must be received by it, if at all, as a full
settlement of its claims against them, and, therefore, its ac-
ceptance operated as a satisfaction of such claims.

   *Judgment affirmed.*