TOWN OF BRANDON *v.* ASA JACKSON and ANSEL JACKSON.

January Term, 1902.

Present: TAFT, C. J., ROWELL, TYLER, WATSON and STAFFORD, JJ.

Opinion filed February 6, 1902.

*Paupers—Liability for support of—Promise of kindred—Consideration.*

The promise of one related to a pauper within the degree of statutory liability, to indemnify the town of such pauper's residence for the expenses incurred in his support, is based upon a valid consideration, and such town can recover the expenses incurred thereafter in reliance upon such promise.

GENERAL AND SPECIAL ASSUMPSIT. Plea, the general issue. Trial by jury at the September Term, 1901, Rutland County, *Start,* J., presiding. Verdict and judgment thereon for the plaintiff. The defendants excepted.

*Butler & Moloney* and *George E. Lawrence* for the defendants.

The plaintiff cannot recover upon the promise of the defendants to pay for the support of their father. It is *nudum pactum.* A consideration to be sufficient must be "some benefit to the party promising, or some trouble or prejudice to the party receiving the promise." *Wheeler, et al.* v. *Washburn,* 24 Vt. 293; *Seminary* v. *Smith's Est.,* 69 Vt. 386; *Cobb* v. *Cowdery,* 40 Vt. 25; *Snow* v. *Hix,* 54 Vt. 480; *Spencer* v. *McLean,* 67 Am. St. Rep. 271; *Keith* v. *Miles,* 77 Am. Dec. 685.

In supporting the father the plaintiff town was only doing its legal duty. No liability attached to the defendants unless they "were of sufficient ability." This must affirmatively appear. V. S. 3178-3180; No. 66 Acts of 1896; *Walbridge* v. *Walbridge*, 46 Vt. 624. The remedy is purely statutory. *Cole* v. *Shurtleff*, 41 Vt. 311; *Bloomfield* v. *French*, 17 Vt. 79; *Clay* v. *Severance*, 55 Vt. 300; *Churchill* v. *Bradley*, 58 Vt. 403.

*Joel C. Baker* for the plaintiff.

The promise of the defendants was upon a good consideration. It was an amicable adjustment between the parties of a matter open to question. *Pawlet* v. *Strong*, 2 Vt. 442; *Williston* v. *White*, 11 Vt. 40.

ROWELL, J. If you promise to pay another for doing a thing that he is bound by law to do without pay if he can, and he does it, your promise is nude, though it induced the doing of the thing. *Rowell* v. *Vershire*, 62 Vt. 405, 19 Atl. 990, 8 L. R. A. 708.

But if one bound by law to do a thing in the first instance, has a remedy against you for indemnity in certain circumstances, and honestly and with reason asserts that those circumstances exist, and presses his claim, which you deny at first, but subsequently yield, and promise to pay him for doing the thing, and he does it, relying on your promise, your promise is good; for thereby you compromised a disputed claim, and gained immunity from litigation, which was an advantage to you, and a valuable consideration, regardless of whether you were liable or not. *Bellows* v. *Sowles*, 55 Vt. 391, 45 Am. Rep. 291.

In the case at bar, the defendants' father was chargeable to the plaintiff town as a pauper. The overseer of the poor notified the defendants thereof, and claimed to them that

they were bound by law to support him. They denied liability, and said they would not support him unless they were legally obliged to. Afterwards they told him they had taken counsel, and were advised that they were liable, and told him to see their father through, and they would pay the bills. Accordingly the town did see him through, and now sues to recover the money it laid out and expended for him after the promise was made. It does not appear that the defendants were liable under the statute, for it does not appear that they were "of sufficient ability," as required by statute. The case comes within the second proposition above stated.

And besides, *Pawlet* v. *Strong*, 2 Vt. 442, is authority for sustaining this promise. There it was held that the kindred of paupers, within the degree of statutory liability, could bind themselves by an amicable adjustment of the matter of support with the town, without going through the forms of litigation when there was no dispute. There, as here, it did not appear that the kindred were liable under the statute.

The other exceptions are not of sufficient merit to warrant discussion.

*Judgment affirmed.*