THISSELL v. UNITED STATES BOBBIN & SHUTTLE CO. (Circuit Court of Appeals, First Circuit. November 14, 1907.) No. 690. In Error to the Circuit Court of the United States for the District of Massachusetts. Warren Ozro Kyle, for plaintiff in error. Cyrus M. Van Slyck (William M. Richardson, on the brief), for defendant in error. Before COLT, Circuit Judge, and ALDRICH and BROWN, District Judges.

PER CURIAM. We are of the opinion that the plaintiff's evidence was insufficient to show the making of a contract to employ the plaintiff for five years at $60 per week; and, as a verdict to such an effect must have been set aside, it was not error in the Circuit Court to direct a verdict for the defendant. We have already decided that, by appropriating the check sent to him for full settlement to September 7, 1901, the plaintiff accepted the terms upon which payment was offered. 137 Fed. 1, 69 C. C. A. 651. The only offer of the defendant open after that time was employment at the rate of $1,800 per year. We find no evidence of the defendant's assent, express or implied, that the rate of the plaintiff's wages should remain an open question after the vote of the directors. The defendant consistently stood by this vote. Under these circumstances, the plaintiff's performance of services gave him the

---

*Rehearing denied March 24, 1908.

right to recover the wages offered; but, in order to recover more, the burden was upon him to show that the defendant corporation in some way assented to leave the question of wages open after September 7, 1901. This he failed to do. The plaintiff's protests to the superintendent and treasurer, and his endeavors to bring the matter before the board of directors, were of no legal effect. He could not, as a matter of law, recover on quantum meruit merely by a continuous claim for compensation at a higher rate than that offered by the vote of the board of directors. He was not requested by the corporation to work on any other terms. If he chose to perform the services, by this performance he became entitled to the wages offered; but his protests were mere complaints, having no legal significance. As the plaintiff failed to prove an express contract for five years at $60 per week, as by appropriating the check he accepted payment in full up to September 7, 1901, and as the only contractual right of the plaintiff after that date arose from the corporation's offer of a certain price for his services and the performance of those services by the plaintiff, the Circuit Court was clearly right in directing a verdict for the defendant. The judgment of the Circuit Court is affirmed, and the defendant in error recovers its costs of appeal.