TANNER v. MERRILL.[1]

1. ACCORD AND SATISFACTION—PART PAYMENT—DISPUTED CLAIMS.
   The doctrine that the receipt of part payment, to be ef-
   fective in discharge of the entire debt, must rest upon a valid
   consideration, is limited to cases where the debt is liquidated,
   by agreement or otherwise; and a claim any portion of which
   is in dispute cannot be said to be liquidated, within the mean-
   ing of the rule.

2. SAME.
   A receipt in full, given without protest upon payment of
   the undisputed part of a claim, after a refusal to pay another
   part which is disputed, is conclusive as against the right of
   the creditor to recover a further sum, in the absence of mis-
   take, fraud, duress, or undue influence. MONTGOMERY, J.,
   and McGRATH, C. J., dissenting.

Error to Saginaw; Wilber, J. Submitted November
22, 1895. Decided December 30, 1895.

*Assumpsit* by Frank A. Tanner against Thomas Mer-
rill and others for work and labor performed. From a
judgment for plaintiff, defendants bring error. Re-
versed.

D. P. Foote, for appellants.

Rowland Connor, for appellee.

HOOKER, J.  The defendants appeal from a judgment
recovered against them at circuit.  They are lumbermen,
and the plaintiff worked for them at Georgian Bay, his
transportation from Saginaw to that place having been
paid by them.  When he quit work, a question arose as
to who should pay this, under the contract of employment,
and defendants' superintendent declined to pay any trans-

---

[1] With the case of *Fuller* v. *Kemp*, (N. Y. Ct. App.) as reported in
20 L. R. A. 785, there is an exhaustive note on the subject of accord
and satisfaction by part payment.

portation. The plaintiff needed the money due him to get home, and showed a telegram announcing the illness or death of his mother, and said that he must go home, to which the superintendent replied that "he did not pay any man's fare;" whereupon a receipt in full was signed, and the money due, after deducting transportation, was paid. The plaintiff testified that they had no dispute, only he claimed the fare and the superintendent refused to allow it.

The most important question arises over a request to charge upon the part of the defendants, which reads as follows:

"The testimony of the plaintiff is that, at the time the receipt put in evidence in this case was signed by him, he claimed that his railroad fare should not be deducted from his wages; that this was denied by the agents and superintendent of defendants, and it was taken out of his wages; that he then signed the receipt with full knowledge of its contents, and of the fact that his railroad fare had been taken out of his wages. This being so, the receipt in this case, upon the plaintiff's own testimony, cannot be contradicted. While a receipt may be contradicted in certain cases, it must be in a case of mistake, ignorance of fact, fraud, or when some unconscionable advantage has been taken of one by the other party. Therefore, the receipt, in this case, shows a full settlement of all claims plaintiff had against the defendants."

The only theory upon which it can be contended that this request should have been given is that the plaintiff accepted less than he claimed, but no more than defendants admitted, to be due, and gave a receipt in full when the defendants' superintendent refused to pay more. We do not discover any testimony tending to show an agreement to accept as payment, either in full or by way of compromise, except the receipt, and the question resolves itself into this: Whether a receipt in full is conclusive of the question of defendant's liability, when it is given upon payment of a portion of a claim admittedly due, accompanied by a refusal to pay more, in the absence of mistake, fraud, duress, or undue influence.

It is urged upon behalf of the plaintiff that receipts are always open to explanation, and that there is no consideration to support the acceptance of a portion of a valid claim as full payment. The cases which counsel cite do not support the broad contention of plaintiff's counsel, which would seriously derange business affairs if it should be sustained. The doctrine that the receipt of part payment must rest upon a valid consideration to be effective in discharge of the entire debt is carefully limited to cases where the debt is liquidated, by agreement of the parties or otherwise, which was not the case here. It was in dispute. In the case of *St. Louis, etc., R. Co.* v. *Davis*, 35 Kan. 464, the opinion says that "it is a well-settled principle of law that the payment of a part of an ascertained, overdue, and undisputed debt, although accepted as full satisfaction, and a receipt in full is given, does not estop the creditor from recovering the balance. In such a case the agreement to accept a smaller sum is regarded to be without consideration." The case of *Day* v. *Gardner*, 42 N. J. Eq. 199, was one where the agreement was to *forgive* a debt, implying its existence. In *Hasted* v. *Dodge*, (Iowa) 35 N. W. 462, the opinion of Mr. Justice Rothrock shows the debt not to have been in dispute. Moreover, the doctrine was not applicable to the case for reasons shown. See, also, *American Bridge Co.* v. *Murphy*, 13 Kan. 35. In *Bailey* v. *Day*, 26 Me. 88, the claim was liquidated by judgment. In *Hayes* v. *Insurance Co.*, 125 Ill. 639, the court apply the doctrine relied upon, but expressly state that "this rule has no application where property other than money is taken in satisfaction, or where there is an honest compromise of unliquidated or disputed demands." See, also, Bish. Cont. § 50; 2 Pars. Cont. 618. In *Marion* v. *Heimbach*, 62 Minn. 215, the court say: "But where the claim is unliquidated, it would seem to be true that if the creditor is tendered a sum less than his claim, upon the condition that, if it is accepted, it must be in full satisfaction of his whole claim, his acceptance is an accord and satisfaction." See,

also, *Fuller* v. *Kemp*, 138 N. Y. 231, where the same doctrine is held; *Fire Ins. Ass'n* v. *Wickham*, 141 U. S. 577.

The important fact to ascertain is whether the plaintiff's claim was a liquidated claim or not. If it was, there was no consideration for the discharge. If not, the authorities are in substantial accord that part payment of the claim may discharge the debt, if it is so received. Upon the undisputed facts, the claim of the plaintiff, *as made*, was not liquidated. It was not even admitted, but, on the contrary, was denied, because the defendants claimed that it had been partially paid by a valid offset. While the controversy was over the offset, it is plain that the amount due the plaintiff was in dispute. If so, it is difficult to understand how it could be treated as a liquidated claim, unless it is to be said that a claim may be liquidated piecemeal, and that, so far as the items are agreed upon, it is liquidated, and to that extent is not subject to adjustment on a basis of part payment. Cases are not numerous in which just this phase of the question appears. This would seem remarkable, unless we are to assume that, in calling a claim unliquidated, the courts have alluded to the whole claim, and have considered that, where the amount is not agreed upon, the claim as a whole is unliquidated, and therefore subject to adjustment. If this is not true, no man can pay an amount that he admits to be due without being subject to action whenever and so often as his creditor may choose to claim that he was not fully paid, no matter how solemn may have been his acknowledgment of satisfaction, so long as it is not a release under seal.

The general rule is a technical one, and there are many exceptions. It has been said that it "often fosters bad faith," and that "the history of judicial decisions upon the subject has shown a constant effort to escape from its absurdity and injustice." *Harper* v. *Graham*, 20 Ohio, 105; *Kellogg* v. *Richards*, 14 Wend. 116; *Brooks* v. *White*, 2 Metc. (Mass.) 283 (37 Am. Dec. 95). Again,

it is said to be "rigid and unreasonable," and "a rule that defeats the expressed intentions of the parties, and, therefore, should not be extended to embrace cases not within the letter of it." *Wescott* v. *Waller*, 47 Ala. 492; *Johnston* v. *Brannan*, 5 Johns. 268; *Simmons* v. *Almy*, 103 Mass. 35. See *Milliken* v. *Brown*, 1 Rawle, 391, where the rule is vigorously denounced. It has no application in cases of claims against the government. If one accepts the amount allowed, it is a discharge of the whole claim. *U. S.* v. *Adams*, 7 Wall. 463; *U. S.* v. *Child*, 12 Wall. 232. See, also, *Wapello Co.* v. *Sinnaman*, 1 G. Greene, 413; *Brick* v. *County of Plymouth*, 63 Iowa, 462; *Perry* v. *Cheboygan*, 55 Mich. 250; *Calkins* v. *State*, 13 Wis. 389. Again, it has been repeatedly held that part payment is a bar to a claim for interest. Another exception is found in composition with creditors.

It is believed that we may safely treat this claim as one claim, not as two, and as unliquidated, inasmuch as it was not admitted. In *McGlynn* v. *Billings*, 16 Vt. 329, the defendant, after an examination of accounts, claimed that he owed the plaintiff $82, and drew a check for that sum, and tendered it as payment in full. It was refused and it was delivered to a third person, with directions to deliver it whenever the plaintiff would receive it as payment in full. This was done, and it was held to discharge the debt. In *Hills* v. *Sommer*, 53 Hun, 392, the plaintiffs shipped lemons to dealers in St. Joseph, Mo., and were notified that some were defective, with a claim of a specific rebate, which plaintiffs refused to allow. A draft was subsequently sent for the amount which the defendants *had previously expressed their willingness to allow*, with a letter stating that it was *in payment of the invoice*. The draft was cashed, and action brought for the remainder of the claim. Verdict was directed for the defendants. *Pierce* v. *Pierce*, 25 Barb. 243, seems to be a similar case. In *Potter* v. *Douglass*, 44 Conn. 541, plaintiff refused $45, which was

tendered in full payment of a claim. He took it, however, on account, as he said, and wrote a receipt to that effect, which defendant refused, for the reason that it stated that the money was received on account. The plaintiff, however, kept the money. It does not appear that this amount of $45 was disputed. Apparently, it was not. Yet the court called the claim an unliquidated demand, and held it to have been discharged. In *Perkins* v. *Headley*, 49 Mo. App. 562, it is said: "But if there is a controversy between him [the creditor] and his debtor as to the amount which is due, and if the debtor tenders *the amount which he claims to be due*, but tenders it on the condition that the creditor accept it in discharge of his whole demand, and the creditor does accept it, that will be an accord and satisfaction as a conclusion of law."

While no Michigan case decisive of this question is cited, and we recall none, it was held in *Houghton* v. *Ross*, 54 Mich. 335, that—

"A receipt which states its purpose to be for a complete settlement, and which covers the whole period of dealing, is equivalent to an account stated; and though it is open to explanation as to errors or omissions, it cannot be treated as if it had not been meant to cover everything."

And in *Pratt* v. *Castle*, 91 Mich. 484, it was said that—

"1. Settlements are favored by the law, and will not be set aside, except for fraud, mistake, or duress.

"2. A settlement evidenced by the execution of mutual receipts of 'one dollar, in full for all debts, dues, and demands to this date,' except as to certain specified items, is conclusive, in the absence of fraud or mistake, as to all prior dealings between the parties not covered by the excepted items."

See, also, *Dowling* v. *Eggemann*, 47 Mich. 171.

It therefore appears that such settlements should have weight, and it seems reasonable to hold that the rule contended for does not apply, for the reason that this was an

unliquidated demand, although a certain portion of it was not questioned. Clearly, the claim was disputed, and, so far as this record shows, the defendants' superintendent was given to understand that the money paid was accepted in full satisfaction, as plaintiff's own evidence shows that he gave the receipt without protest, and without stating to the defendants' superintendent what he said, aside, to his fellow laborers, that it would make no difference if they did give the receipts. To hold otherwise would be a recognition of the "mental reservation" more effective than just. Upon the plaintiff's own testimony, he accepted the money, with the knowledge that the defendants claimed that the amount paid was all that was his due, and gave a receipt in full. There is nothing in the case to negative the inference, naturally to be drawn from this testimony, that there was an accord and satisfaction of an unliquidated demand.

The judgment must be reversed. No new trial should be ordered.

LONG and GRANT, JJ., concurred with HOOKER, J.

MONTGOMERY, J. (*dissenting*). I think that the payment of an admitted indebtedness is no consideration for a discharge of a further claim by the creditor.

McGRATH, C. J., concurred with MONTGOMERY, J.