### STEVENS v. MICHIGAN SOAP WORKS.

1. APPEAL—VERDICT—WEIGHT OF EVIDENCE.
   The verdict of a jury will not be set aside on writ of error on the ground that it is against the weight of the evidence, unless it is clearly against the overwhelming weight of the evidence.

2. MASTER AND SERVANT—WAGES—WAIVER.
   Plaintiff, who was employed at a salary of $25 per week, and paid $20 per week, the last check reciting that it was in full to its date, did not waive his right to the balance, if he insisted at different times that he was entitled to more, and there was an agreement to hold the question in abeyance, and the check was accepted under a reservation of his right to assert his claim later.

Error to Wayne; Carpenter, J. Submitted June 3, 1903. (Docket No. 22.) Decided September 15, 1903.

*Assumpsit* by William J. Stevens against the Michigan

Soap Works for services rendered.    From a judgment for plaintiff, defendant brings error.    Affirmed.

*Russel & Campbell*, for appellant.

*Delbert J. Hinkley*, for appellee.

HOOKER, C. J.    The defendant has brought error upon a judgment in favor of the plaintiff, based upon a claim for an unpaid balance for services rendered as a soap maker.    The parties agree that plaintiff was hired by one Brown, at the time manager of defendant's business of soap making, and there is no dispute over the time that the plaintiff worked, or the amount paid to him.    The controversy relates to the weekly wages agreed to be paid; the plaintiff claiming that it was to be $25, while defendant asserts that it was $20, which last amount he has been regularly paid.    According to plaintiff's claim, he began work May 8, 1899, under an oral contract made with Brown in New York.    He worked under Brown until the spring of 1901, when a Mr. Henry became connected with the soap works.    In July, 1901, Henry was chosen vice-president and manager, and at the next pay-day the plaintiff received the following letter from him, viz. :

" [Letter-Head of Michigan Soap Works.]

"DETROIT, MICH., July 20, 1901.

"Mr. WILLIAM J. STEVENS.

"*Dear Sir:*  At a meeting of the stockholders and directors of the new company, who have taken over the business of the old company, my position as vice-president and general manager was confirmed.    I regret that we cannot longer give you employment, for reasons which need not be named here.

"We inclose you check covering the week, $20.00, although you have been absent five days through illness.

"Writer personally hopes that you will speedily get another position.    Yours truly,

"ROBERT HENRY."

This letter was handed to plaintiff in a sealed envelope, which also contained a check for $20, reading as follows:

"No. 4519.          DETROIT, MICH., July 19, 1901.
          "The UNION NATIONAL BANK.
     "Pay to the order of W. J. Stevens twenty and no / 100 dollars.

                         "MICHIGAN SOAP WORKS.
                              "C. W. PARSONS, Sec.
     "In full to and including 7 / 20 / 01."

Plaintiff testified that, after reading the letter, he had an interview with Henry, in which he told him that he was entitled, under his contract, to $5 a week for the time he had worked, which had been withheld, and that Henry said—

"He did not doubt it at all whatever, but he said it was a new company, and they had nothing to do with the old company, and that he could not do anything about it until he saw Mr. Brown. He would have to see him first, and he would let me know, and told me to come in later."

Plaintiff collected the check. He afterwards called twice, and was put off by the statement that Henry had not seen Brown yet, and on the last occasion he said "the matter had been put in his hands, and, if I wanted to settle, he would give me $40 to settle." Plaintiff refused to do that, and Henry said "I could take that or nothing; if I did not want to take that I wouldn't get a cent; I could do what I pleased." Plaintiff afterwards caused the records to be examined, and ascertained that Mr. Henry did not represent a new or different company, and that the capital stock of the old had only been increased. It was admitted upon the trial that there was no new company. The court directed the jury to determine whether the agreement was for $20 or $25 a week; also the question whether the plaintiff had waived the $5 per week by his conduct, in case they should find the agreement was for $25. In this connection he said that, if he accepted $20 a week as his weekly pay, he could not recover; but if he insisted at different times that he was entitled to more, and there was an agreement to hold that question in abeyance, such acceptance would not be a waiver. He also instructed the jury that, if he accepted

the last check without any statement to defendant of his claim, and cashed the check, it would preclude recovery; but if, on the other hand, the subject was discussed, and a reservation made of his right to assert his claim later, the acceptance and collection of the check would not preclude his asserting his claim.

The testimony in the case shows that, at the time of plaintiff's employment, he was told that the company had made a lot of soap which had spoiled, and that defendant wanted an assurance that he could make over the spoiled soap into a good article, and plaintiff claimed that the defendant offered $20 a week, and that the parties finally agreed upon $25 a week upon condition that plaintiff should demonstrate his ability to make over the spoiled soap. This he claims to have done later, after which he made claim to $25 a week for the whole period, and the matter was postponed from time to time by Brown. The plaintiff was disputed at all points by Brown and Henry, and defendant's counsel claim that the effect of all of the plaintiff's testimony taken together is to show that he hired at the price of $20 per week, and that an advance was to be the subject of further agreement before he would become entitled to it. It is said that his testimony contained four different versions of the conversations from which the contract resulted. We must admit that there was testimony given by the plaintiff that would have justified the jury in finding a contract for $20 a week, but, on the other hand, it must be said that there was some testimony indicating an agreement to pay $25 if a test should show that plaintiff could make over the spoiled soap into a merchantable article, which was demonstrated soon after his employment was entered upon. We cannot say that it was error to refuse to direct a verdict for the defendant, for an agreement to pay $25 would be valid, and the sum collectible upon performance of the condition.

The alleged errors assigned in defendant's brief are:

(1) The refusal to set aside the verdict as against the weight of evidence.

(2) The refusal to set aside the verdict upon the ground that there was no evidence to support it.

(3) The refusal to set aside the verdict upon the ground of waiver.

We are cited to some extreme cases in support of the doctrine that an appellate court should order a new trial when the defendant's testimony is corroborated, as against the unsupported testimony of the plaintiff. This court has never gone further than to reverse a case where the verdict is clearly against the overwhelming weight of evidence, and we think that this is not a case for reversal under our precedents. This disposes of the first two points urged.

As to the third, we are of the opinion that there was a question for the jury, for the reasons given by the circuit judge. If the plaintiff's testimony is true, he never acquiesced in the payment of $20 as his full wages; and, while there was great delay and lack of insistence, his testimony indicates that it was an open matter as long as Brown remained manager. Plaintiff claims that he did not know who was boss for a few weeks after Henry became interested in the company, and that he at once protested to him when Henry asked him to accept a check in full of account. Under his version, the notice contained in the check was waived by Henry, who agreed to investigate, and afterwards tried to settle with him. Unlike *Tanner* v. *Merrill*, 108 Mich. 58 (65 N. W. 664, 31 L. R. A. 171, 62 Am. St. Rep. 687), where the employé's conduct was held to amount to an estoppel, this plaintiff not only did not accept the check as payment, but plainly refused to do so, and the conduct of Mr. Henry, as stated by the plaintiff, showed that he so understood it.

We find no error, and the judgment is affirmed.

Moore, Grant, and Montgomery, JJ., concurred. Carpenter, J., did not sit.