# CASES

## ARGUED AND DETERMINED

### IN THE

# UNITED STATES CIRCUIT COURTS OF APPEALS AND THE CIRCUIT AND DISTRICT COURTS.

---

UNITED STATES BOBBIN & SHUTTLE CO. v. THISSELL.*

(Circuit Court of Appeals, First Circuit. November 3, 1904.)

No. 522.

**1. ACCORD AND SATISFACTION—ACTS CONSTITUTING—ACCEPTANCE OF CONDITIONAL TENDER.**

Where an employer sent to an employé a check for wages, and a statement showing the rate at which they were computed, which was a matter in dispute between them, and a receipt in full to a date given to be signed and returned, directing that, if the account was not found correct, the check be returned, the acceptance and cashing of the check created an accord and satisfaction of the claim, and also determined the employé's wages for the future, in the absence of further contract, although he did not return the receipt, but assumed to hold the matter open for future consideration.

In Error to the Circuit Court of the United States for the District of Massachusetts.

William M. Richardson, Cyrus M. Van Slyck, and Van Slyck & Mumford, for plaintiff in error.

Warren Ozro Kyle, for defendant in error.

Before COLT, Circuit Judge, and BROWN and LOWELL, District Judges.

LOWELL, District Judge. This is an action at law to recover the balance of wages due upon an account annexed. The jury returned a verdict for the plaintiff, and the defendant's exceptions are before us. We need consider but one question.

The plaintiff was in the defendant's employ at a rate of wages in dispute between the plaintiff and the defendant. The defendant admitted that it owed the plaintiff a certain sum. The plaintiff contended that the debt was larger. Under these circumstances the defendant wrote the plaintiff as follows:

"Dear Sir: Referring to yours of the 17th, calling our attention that you had not drawn full amount of salary at hand. We are enclosing statement

---

*Rehearing denied May 10, 1905.

137 F.—1

made up by our bookkeeper, and he understands you have drawn only thirty dollars ($30.00) per week since September 1st, 1900. We are also enclosing our check # 6151, payable to your order, for four hundred sixty-four dollars and twenty-two cents ($464.22) which is in full settlement for balance of your salary up to and including September 7th, 1901. Unless you find above correct you will return our check and statement. In future you will please draw full amount due you weekly."

An account was inclosed, and a receipt as follows:

"$464.22      Check No. 6151      No. ———.

"Received from U. S. Bobbin & Shuttle Co., Four hundred & sixty-four $22/100$ Dollars, being balance of salary due to and including week ending Sept. 7, 1901, as per statement rendered."

To this the plaintiff replied as follows:

"Dear Sir: Your several communications of the 20th inst. with two checks, respectively for $464.22 & $376.71, are received. I have deposited the checks. When I have time and opportunity affords the privilege, I will examine the communications and if found correct, they shall receive proper attention."

The receipt was neither signed nor returned.

The defendant moved that the jury be instructed to return a verdict for the defendant on the grounds:

"(5) That it appears that there was an accord and satisfaction of plaintiff's claim to September 7, 1901, and that from said September 7, 1901, the rate was fixed by the then acceptance of the check sent to plaintiff September 20, 1901, at $1,800 a year, and that plaintiff has been fully paid at said rate.

"(6) That on the whole testimony the jury should be instructed to return a verdict for the defendant."

This motion was refused, and the defendant thereupon requested the following instructions:

"(5) That the plaintiff, by accepting and cashing the check inclosed in the letter of September 20, 1901, from the treasurer of the defendant corporation to him, and in which was also inclosed the statement showing that the wages or salary of the plaintiff were computed at the rate of eighteen hundred dollars ($1,800) per year from October 11, 1899, became entitled to be paid thereafter for his services at the rate of only eighteen hundred dollars per year."

"(7) That the acceptance and cashing of the check sent to the plaintiff in the letter to him of September 20, 1901, from the treasurer of the defendant corporation, with the acts of the parties, was an accord and satisfaction of the claim of the plaintiff against the defendant for salary from the time when he commenced working for the defendant corporation, down to September 7, 1901.

"(8) That on all evidence in the case the plaintiff is not entitled to recover, and the verdict must be for the defendant."

These requests were refused by the learned judge, who charged the jury:

"(3) That it was for the jury to determine whether the correspondence of September 20 and 21, 1901, and the acts of the parties thereunder, were an accord and satisfaction."

The plaintiff did not sign the inclosed receipt, and his letter shows that he wished to keep the matter open. Notwithstanding this, we are of opinion that his appropriation of the check, under the circumstances stated, was an acceptance of the terms upon which payment was offered. The weight of authority is to this effect. Nassoiy v. Tomlinson, 148 N. Y. 326, 42 N. E. 715, 51 Am. St. Rep. 695; Talbott v. English, 156

Ind. 299, 315, 59 N. E. 857; Neely v. Thompson (Kan. Sup.) 75 Pac. 117; Ostrander v. Scott, 161 Ill. 339, 43 N. E. 1089; Hull v. Johnson, 22 R. I. 66, 46 Atl. 182; McDaniels v. Bank of Rutland, 29 Vt. 230, 70 Am. Dec. 406. Some of these decisions have been approved by the Supreme Court in Chic., Mil. & St. Paul R. R. v. Clark, 178 U. S. 353, 367, 20 Sup. Ct. 924, 44 L. Ed. 1099. There are, indeed, decisions to the contrary (see Day v. McLea, 22 Q. B. D. 610; Rosenfield v. Fortier, 94 Mich. 29, 53 N. W. 930; 17 Harv. Law Rev. 459, 469), but the great weight of authority is with the defendant. It follows that the seventh instruction requested should have been given, and that the third instruction given was erroneous.

If the plaintiff's cashing the check above mentioned was conclusive evidence of an accord and satisfaction, it amounted also to an acceptance by the plaintiff of wages at the rate of $1,800 a year. We find no evidence of a contract to increase the rate of wages after the date of the defendant's letter. It follows that the learned judge should have directed a general verdict for the defendant. We have thus disposed of the whole case, and need not consider the defendant's other exceptions.

The judgment of the Circuit Court is reversed, and the plaintiff in error recovers its costs of appeal.