# ANDREWS *v.* HALLER WALL PAPER COMPANY.

---

TRIAL; OBJECTIONS AND EXCEPTIONS; ACCORD AND SATISFACTION.

1. A general objection to the admission of evidence will not be considered on appeal. The specific ground of the objection should be stated. (Following *W. T. Walker Furniture Co.* v. *Dyson, ante,* 90.)

D. C.]                              Statement of the Case.

2. Where a claim is unliquidated or honestly in dispute, the payment and acceptance of a sum less than that claimed operates as an accord and satisfaction, the compromise being a good consideration for the concession made.

3. Where there is an honest dispute between creditor and debtor as to the amount due, and the debtor, in response to a demand by the creditor for the payment of the amount he claims to be due, sends the creditor a check marked "In full to date," for the amount he claims he owes, the cashing of the check by the creditor constitutes a liquidation of the claim, although a few days later he writes to the debtor that he has given him credit for the amount of the check, but declines to accept it as a payment in full.

No. 1907. Submitted December 2; 1908. Decided January 5, 1909.

HEARING on an appeal from a judgment of the Supreme Court of the District of Columbia, on verdict, in an action of assumpsit.                              *Reversed.*

The COURT in the opinion stated the facts as follows:

The plaintiff, William F. Andrews, appellee here, brought this suit against the defendant, the Haller Wall Paper Company, for the sum of $122.20 alleged to be due on a verbal contract entered into with the defendant to paper and repair certain rooms in the Raleigh hotel in this city. The work was completed in December, 1906, and on January 17, 1907, plaintiff rendered an itemized bill to defendant for the sum of $393.-62 with credits aggregating $152.78, leaving a balance of $240.84. In the letter accompanying this bill plaintiff said:

"We are very anxious to close the matter up to the satisfaction of all concerned, and, although we claim that the bill as rendered is correct, rather than have any litigation we would be willing to allow you 15 per cent on the full amount, provided you let us have check at once. Kindly advise us if this meets with your approval."

In answer to this communication, the defendant, on January 18th, wrote the plaintiff and inclosed a statement of his understanding of the account, which statement showed a balance due

of $118.64. The defendant also inclosed a check for that amount upon which was written "In full to date, Raleigh Hotel." In his letter the defendant said:

"This balance is due according to statement also inclosed, which includes work according to your estimate to me and other work agreed upon. I hope this will be satisfactory as it is positively all I agreed to pay for."

The plaintiff accepted and cashed the check, and on January 22d wrote the defendant as follows:

"We are in receipt of yours inclosing check for $118.64, for which we have given you credit on account of work done at the Raleigh hotel by us. This, of course, we cannot accept as payment in full. Our letter of the 17th fully states our side of the matter."

The defendant giving no heed to plaintiff's further requests of settlement, suit was brought, which resulted in a verdict and judgment for the plaintiff.

*Mr. J. Thomas Sothoron* for the appellant.

*Mr. Edward S. Bailey* and *Mr. J. A. Hicks,* for the appellee:

1. No exception was taken to any part of the charge of the court by the appellant, and the appellant never requested that a verdict be returned for him. On the contrary, appellant co-operated in having the questions of fact submitted to the jury, and should not now be heard to say, in effect, that the court, of its own motion, should have instructed the jury to return a verdict for him. *Evans* v. *Schoonmaker,* 2 App. D. C. 62.

2. The question whether the appellee accepted the check in full settlement of the account was one of fact for the juy, and not of law for the court, and the appellee, by retaining the check, and applying it on account, was not thereby estopped from suing for the balance due. *Mortlock* v. *Williams,* 76 Mich. 568; *Robinson* v. *Detroit R. Co.* 84 Mich. 658; *Sitote* v. *Barber,* 83 Wis. 431; *Fire Ins. Asso.* v. *Wickham,* 141 U. S. 564; *Baird* v. *United States,* 96 U. S. 430; *Wilmot* v. *Mudge,* 103

U. S. 217; *United States* v. *Bostwick,* 94 U. S. 53; *Lister* v. *Pender,* 74 Md. 15; *Martin* v. *White,* 40 Ill. App. 281; *De Kalb Imp. Works* v. *White,* 59 Ill. App. 171; *Hart* v. *Burton,* 62 Vt. 314; *Roach* v. *Warren, Neely Co.* 44 S. W. 103.

Mr. Justice ROBB delivered the opinion of the Court:

The first assignment of error relates to the admission in evidence of the books of account of plaintiff. The objection being general, we will not consider it here. The specific ground of objection should have been stated. *W. T. Walker Furniture Co.* v. *Dyson,* present term [*ante,* 90].

The other exceptions are embraced in the general proposition that the court erred in declining to allow the rejected prayers of the defendant to the effect, that if, from the evidence, the jury believed that the defendant intended the check sent by him to the plaintiff to be a compromise and final settlement of the account between the parties, and transmitted it to the plaintiff on that condition, the acceptance and cashing of the check by the plaintiff constituted a liquidation of plaintiff's claim. We think the defendant was entitled to such an instruction.

When it is clearly apparent from the facts in evidence that a certain sum is due from one person to another, the release of the entire amount upon payment of a part is without consideration and does not estop the creditor to sue and recover the balance. *United States* v. *Bostwick,* 94 U. S. 53, 24 L. ed. 65; *Fire Ins. Asso.* v. *Wickham,* 141 U. S. 564, 35 L. ed. 860, 12 Sup. Ct. Rep. 84; *Chicago, M. & St. P. R. Co.* v. *Clark,* 178 U. S. 353, 44 L. ed. 1099, 20 Sup. Ct. Rep. 924.

The rule is equally well established that, where a claim is unliquidated, or honestly in dispute, the payment and acceptance of a less sum than claimed operates as an accord and satisfaction, the compromise being a good consideration for the concession made.

"To constitute an accord and satisfaction," said Judge Pierpoint in *Preston* v. *Grant,* 34 Vt. 203, "It is necessary that the money should be offered in satisfaction of the claim, and the

offer accompanied with such acts and declarations as amount to
a condition that, if the money is accepted, it is accepted in satis-
faction, and such that the party to whom it is offered is bound
to understand therefrom that, if he takes it, he takes it subject
to such condition."

In *United States Bobbin & Shuttle Co.* v. *Thissell,* 69 C.
C. A. 651, 137 Fed. 1, it was held that, where an employer
sent to an employee a check for wages, with a statement showing
the rate of computation, which was a matter of dispute, and a
receipt in full to date to be signed and returned, directing that,
if the account be found not to be correct, check be returned, the
acceptance and cashing of the check was a satisfaction of the
claim.

In *Fuller* v. *Kemp,* 138 N. Y. 231, 20 L.R.A. 785, 33 N. E.
1034, the plaintiff, a physician, sent defendant a bill of $670
for professional services. On receipt of the bill, the defendant
sent plaintiff a letter, not disputing the services, but questioning
the justice of the charge, and inclosing a check for $400, which
he stated in the letter was in full satisfaction of plaintiff's claim.
He also stated that he hoped plaintiff would look at the matter
in the same spirit. Plaintiff retained and collected the check,
and sent defendant another bill containing a credit of $400. In
an action to recover the balance it was held that, upon receipt of
defendant's letter, plaintiff had the alternative of promptly
restoring the check or the extinguishment of the debt by its re-
tention.

*Nassoiy* v. *Tomlinson,* 148 N. Y. 326, 51 Am. St. Rep. 695,
42 N. E. 715, is to the same effect. The court in that case said:
"A demand is not liquidated, even if it appears that something
is due, unless it appears how much is due; and, when it is ad-
mitted that one of two specific sums is due, but there is a gen-
uine dispute as to which is the proper amount, the demand is
regarded as unliquidated, within the meaning of that term as ap-
plied to the subject of accord and satisfaction."

Mr. Chief Justice Fuller, in *Chicago, M. & St. P. R. Co.* v.
*Clark, supra,* cited the two preceding cases, among others, as
authority for the proposition "that, where an aggregate amount

is in dispute, the payment of a specified sum conceded to be due, —that is, by including certain items but excluding disputed items, on condition that the sum so paid shall be received in full satisfaction,"—constitutes an extinguishment of the whole.

In *Connecticut River Lumber Co.* v. *Brown,* 68 Vt. 239, 35 Atl. 56, there being a dispute as to the amount due for a quantity of lumber, defendant sent plaintiff a check for the amount conceded to be due, with this letter: "We send you inclosed our check for ten hundred fourteen dollars and 35–100 ($1,014.35) in full settlement of all demands to date. If this is refused by you, we shall make the tender in a legal way." It was held that the acceptance and collection of the check constituted a satisfaction of the claim.

*Greenlee* v. *Mosnat,* 116 Iowa, 535, 90 N. W. 338, was an action by a client against his attorney to recover money collected by the attorney on the client's insurance policies, the client asserting that the attorney's fee was to be 10 per cent of the amount he collected, while the attorney claimed a larger sum. When the client came to the attorney's office for the money collected the attorney offered a check for what he claimed was due in full satisfaction of the client's claim. Check was accepted and cashed; held, that the debt was unliquidated, and that the plea of settlement should have been submitted to the jury.

In *Neely* v. *Thompson,* 68 Kan. 193, 75 Pac. 117, the amount of a claim being in dispute, the debtor mailed the creditor a statement of the account and a check, together with a letter stating that the check was in full satisfaction of the balance due on the account. The letter also contained the following: "Look it (the statement) over, and if there is any item you do not understand, if you will come to Leavenworth we will go through the original statements and I will explain it to you." It was held that the creditor was bound to understand that, if he accepted the check, he took it subject to the condition that it should be in full settlement of his demand.

See also *Ostrander* v. *Scott,* 161 Ill. 339, 43 N. E. 1089; *Tanner* v. *Merrill,* 108 Mich. 58, 31 L.R.A. 171, 62 Am. St.

Rep. 687, 65 N. W. 664; *Creighton* v. *Gregory,* 142 Cal. 34, 75 Pac. 569; *Beaver* v. *Porter,* 129 Iowa, 41, 105 N. W. 346.

The evidence in this case showed that there was an honest dispute between the parties as to the terms of the contract and the amount due thereunder. If, therefore, the defendant sent his check for the amount he was willing to pay in compromise, intending it as a liquidation of plaintiff's claim against him, and if the plaintiff, when he accepted and cashed the check, understood, or from the facts should have understood, the conditions upon which it was sent, there was an accord and satisfaction.

The judgment must be reversed with costs, and the cause remanded for further proceedings not inconsistent with this opinion.                                                    *Reversed.*