ANSBERRY v. HARRAH et al.

No. 6359.

United States Court of Appeals for the District of Columbia.

Argued May 7, 1935.

Decided Nov. 4, 1935.

Rehearing Denied Nov. 27, 1935.

George E. Edelin and Mark P. Friedlander, both of Washington, D. C., for appellant.

Marvin Farrington, Leslie C. Garnett, and John W. Fihelly, all of Washington, D.C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and GRONER, Associate Justices.

VAN ORSDEL, Associate Justice.

This appeal is from a decree of the Supreme Court of the District of Columbia in equity dismissing appellant's bill of complaint in an action wherein the appellant claims a balance due from defendant Charles J. Harrah in the sum of $17,500, for services rendered and moneys advanced in assisting Harrah to enforce a claim against the Republic of Cuba in the amount of $9,000,000, on which an award was made to Harrah by the arbitral tribunal in the sum of $350,000.

Without stopping to review the facts in detail as found by the court below, and not disputed, appellant had advanced to Harrah certain sums of money and, in addition, was liable for certain expenses that had been incurred in connection with the prosecution of the claim. Shortly after the award, Harrah became involved in a suit to recover $35,000 on a contract he had made with another party for 10 per cent. of the amount of the award, which was followed by other claims filed with the State Department, based upon other contracts contingent upon the amount to be recovered by Harrah from Cuba.

Shortly thereafter Ansberry, together with others with whom he was connected in the transaction, held a conference with Harrah in an endeavor to reach a final settlement. After considerable discussion at the conference on a basis of settlement, Ansberry stated that he would take $25,000 "and I am through," providing Harrah would pay a hotel bill incurred during the prosecution of the claim. This bill was afterwards paid by Harrah. Harrah accordingly assigned to Ansberry $25,000 to be paid out of funds in the Treasury belonging to him. Appellant later received the $25,000 from the Treasury Department.

The court below entered a decree finding generally in favor of defendant and dismissing the bill, and from the decree this appeal was taken.

The findings of fact made by the court are not challenged, and in these circumstances, based upon conflicting evidence, all of which was taken in open court, unless clearly wrong, will not be disturbed on appeal. Ellison v. Splain, 49 App.D.C. 99, 101, 261 F. 247; Snow v. Snow, 50 App.D.C. 242, 270 F. 364; Rhoderick v. Swartzell, 62 App.D.C. 180, 184, 65 F.(2d) 813.

Ansberry under his contract with Harrah agreed, in addition to the service ren-

dered, to advance certain moneys to enable Harrah to prosecute his claim. At the time of the conference the amount so advanced was a disputed issue as well as certain expenses that had been incurred by Ansberry in connection with the carrying out of his contract. It was in settlement of these disputed claims that Ansberry finally proposed that if Harrah would pay him $25,000 and pay the Cuban hotel bill "I am through," and it was upon this basis that the indebtedness was liquidated and Ansberry received an assignment for $25,-000. This amount he collected, and Harrah as agreed paid the hotel bill.

 Counsel for appellant rely upon authorities where a portion of a liquidated and fixed claim is paid and receipt in full taken. In such cases it is uniformly held that such a settlement does not amount to an accord and satisfaction, and that the claimant may sue for the balance of his claim. Counsel cite as authority Andrews v. Hallar Wall Paper Co., 32 App.D.C. 392, 395, 16 Ann.Cas. 192, where the court, speaking through Mr. Justice Robb, said: "When it is clearly apparent from the facts in evidence that a certain sum is due from one person to another, the release of the entire amount upon payment of a part is without consideration and does not estop the creditor to sue and recover the balance." Citing a number of cases. But the learned justice then adds: "The rule is equally well established that, where a claim is unliquidated, or honestly in dispute, the payment and acceptance of a less sum than claimed operates as an accord and satisfaction, the compromise being a good consideration for the concession made." This rule as to what constitutes accord and satisfaction is generally supported by the courts. Preston v. Grant, 34 Vt. 201; United States Bobbin & Shuttle Company v. Thissell (C.C.A.) 137 F. 1; Fuller v. Kemp, 138 N.Y. 231, 33 N.E. 1034, 20 L.R.A. 785; Chicago, M. & St. P. R. Co. v. Clark, 178 U.S. 353, 20 S.Ct. 924, 44 L.Ed. 1099; Connecticut River Lumber Co. v. Brown, 68 Vt. 239, 35 A. 56; Greenlee v. Mosnat, 116 Iowa, 535, 90 N.W. 338; Neely v. Thompson, 68 Kan. 193, 75 P. 117; Ostrander v. Scott, 161 Ill. 339, 43 N.E. 1089; Tanner v. Merrill, 108 Mich. 58, 65 N.W. 664, 31 L.R.A. 171, 62 Am. St.Rep. 687; Creighton v. Gregory, 142 Cal. 34, 75 P. 569.

 From the evidence in this case, it is clearly apparent that there was an honest dispute between the parties both as to the terms of the contract and as to the amount due thereunder. The agreement reached for the payment of $25,000 and the payment of the hotel bill was clearly intended as a full settlement of plaintiff's claim, and the acceptance of this amount, with a receipt certifying that it was a settlement in full, amounted, we think, to a complete accord and satisfaction of the indebtedness.

The decree is affirmed.