## CONOVER v. HALLEY.

### No. 34.

Municipal Court of Appeals for the
District of Columbia.

Jan. 29, 1943.

W. Alan Thody, of Arlington, Va., for appellant.

Louis I. Obergh, of Washington, D. C., for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

CAYTON, Associate Judge.

Plaintiff sued defendant in the Small Claims Branch of the Municipal Court for a balance of $10 for medical services. The defense was accord and satisfaction. Plaintiff's bill had been rendered for $30, and a dispute concerning its reasonableness followed. Defendant wrote to plaintiff complaining about the amount of the bill and closing with these words, "I am therefore taking the liberty of enclosing a check in the amount of $20.00, which I trust will be accepted as full payment for your services". Upon this showing the trial judge rejected defendant's claim of accord and satisfaction and ordered judgment for the balance of $10 claimed by plaintiff.

We granted an appeal in order to determine whether the ruling was in agreement with the doctrine of accord and satisfaction as announced in three cases decided by our court of last resort. The first of these was Andrews v. Haller Wall Paper Company, 32 App.D.C. 392, 16 Ann.Cas. 192. It concerned a dispute over a papering and repair job. There the defendant, disputing plaintiff's claim of $240.84, made up his own statement showing $118.64 to be due and enclosed a check for that amount upon which was written, "In full to date, Raleigh Hotel". In his letter the defendant stated: "This balance is due according to statement also inclosed, which includes work according to your estimate to me and other work agreed upon. I hope this will be satisfactory as it is positively *all I agree* to pay for."

The court held that this constituted an accord and satisfaction. Unlike this case, the check itself indicated that it was to be full payment and it was apparent that the plaintiff, by accepting and cashing the check, completed the compromise arrangement and the liquidation of plaintiff's claim.

In Pugh v. Long, 61 App.D.C. 156, 58 F.2d 882, there was a dispute concerning the quality of a shipment of turkeys. Defendant mailed to plaintiff a check for a

smaller amount than the original claim and marked on the check "Payment in full on Car F. G. E. 35188", which was the car in which the turkeys had been delivered. Plaintiff cashed the check and later informed the defendant that it would not be accepted in full payment. The court ruled that this constituted an accord and satisfaction and cited Andrews v. Haller Wall Paper Company, supra, as expressing its views of the law.

In Ansberry v. Harrah, 65 App. D.C. 80, 80 F.2d 381, there had been a dispute concerning a claim for services and after some discussion plaintiff stated that he would take a certain amount "and I am through". That amount was paid. The court ruled that an agreement had been reached which was clearly intended as full settlement and that the money having been paid and accepted, with a receipt certifying that it was in full settlement, it amounted to a complete accord and satisfaction.

The case before us differs from all three of the cases cited. It is clear that there was a dispute concerning the claim; but defendant's showing fell short of establishing an agreement of compromise, a tender of the lesser amount as full payment, or an agreement, express or implied, that the plaintiff would accept the smaller amount and waive his claim to the balance. The best that can be said for defendant's position is that he sent $20 with the expression of a wish that the plaintiff would accept it in full payment. This does not constitute an accord and satisfaction under the law established in this jurisdiction.

Defendant relies on Fuller v. Kemp, 138 N.Y. 231, 33 N.E. 1034, 20 L.R.A. 785, which is cited with approval in Andrews v. Haller Wall Paper Co., supra. That case also involved a dispute concerning professional services. The bill rendered was for $670. Defendant sent a check for $400 with a letter plainly stating that it was "in full satisfaction of plaintiff's claim". He added that he hoped plaintiff would view the matter in the same spirit. Plaintiff endorsed and cashed the check and again sent his bill to defendant for the original charge of $670, crediting the $400 he had received. Thereupon defendant again wrote to plaintiff calling his attention to the express condition upon which he had forwarded the check and that it was sent as payment in full; that he did not recognize plaintiff's right to retain the amount offered and repudiate the condition of the offer. He requested that plaintiff either keep the money upon the condition named or return it to him. Plaintiff made no reply, retained the proceeds of the check and then sued for the $270 he claimed to be due. The court held that all the elements of accord and satisfaction were present—a lawful subject matter, a legitimate dispute, a sufficient consideration, and finally a mutual agreement to take less than the original claim. It will be seen at a glance that the decision is of no help to this defendant. When he made out his check he wrote no indication upon it that it was to be in full payment. Nor did his letter of transmittal impose any such condition. When he wrote that he was enclosing the check and added "which I trust will be accepted as full payment" it was not a tender in full; nor did it impose a condition which the plaintiff was bound to honor. This is no mere play on words. It goes to the heart of the question.

Affirmed.