**H. H. BUTLER STORES, Inc. v. BARRON.**
No. 1310.

Municipal Court of Appeals
District of Columbia.

Argued March 2, 1953.

Decided March 20, 1953.

Everett M. Raffel, Washington, D. C., for appellant.

Frank Paley, Washington, D. C. (Paul J. Kasloff, Washington, D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

This is an appeal from a judgment of the Municipal Court awarding plaintiff $145, for salary and expense allowances. The defense was accord and satisfaction.

Plaintiff was the only witness and testified that he entered into an oral contract with appellant to work as a salesman; that it was agreed that he was to draw $65 weekly as against a 5% commission on all merchandise sold, plus an allowance for expenses of $5 per week for the first four weeks and $10 weekly thereafter; that these latter amounts were not to be charged against commissions earned; and that he was to receive holiday pay for Thanksgiving and Christmas over and above his regular commission.

Defendant wrote to plaintiff on January 16, 1952, and enclosed a "pay roll check" in the amount of $296.12 for commissions earned. This sum did not include expense allowances or holiday pay. Plaintiff accepted and cashed the check which is the nub of this entire controversy, and which is relied upon by the defendant to show that the parties had reached an accord and satisfaction. The letter was in part as follows:

"As I told you I wrote to Mr. Zimmerman in regards to the agreement with you and he states that the petty cash allowance is definitely part of your earnings and naturally should be deducted from the commission statement, in fact he can't recall just how he worded the agreement with you.

"Now to be fair on this matter Mr. Barron I naturally want to give you what is coming to you, therefore, if your agreement clearly states that the petty cash allowance given you is not to be included as earnings, I will then pay you the difference. You will, therefore, have a photostatic copy of the agreement Mr. Zimmerman gave you made and send it to me by return mail. Whatever the cost of the photostatic copy is I will gladly pay.

"If there is anything in regards to the statement check that is not clear to you please advise me accordingly." [1]

The trial court in written findings of fact and conclusions of law rejected defendant's claim of accord and satisfaction and entered judgment for plaintiff. The court found as a fact that the expense allowances were not to be charged against commissions earned by plaintiff and that he was entitled to holiday pay; that at the time plaintiff cashed the check it was understood between the parties that the matter of expense allowance and holiday pay was yet to be settled.

Appellant cites several cases [2] decided by the United States Court of Appeals, but these differ greatly from the one before us. A careful analysis of these cases was made by this court in Conover v. Halley, D.C.Mun.App., 32 A.2d 110, where it was held that the transmission by a patient of a check to his physician in an amount less than a bill rendered, together with a letter expressing a "trust" that the check would be accepted as full payment for services, and the cashing of the check by the physician did not constitute accord and satisfaction.

Can the letter of January 16, 1952, be construed to mean that defendant was willing to pay this amount in satisfaction, and that there was a final and mutual agreement between the parties to take less than the original contract called for? Should the plaintiff from all the facts have understood that this was offered as an accord and satisfaction? We think not. First, the defendant in its letter conceded that the terms of the contract could not be recalled with any degree of certainty and made an express promise to pay the petty cash item if it were found to be owing.

The check was called a "statement check," not a *settlement* check. There was nothing upon the face of the check that gave any indication that this was in full payment, nor did the letter transmitting the check impose any such condition. This was not "in full to date" [3] or "payment in full" [4] or an offer to take a certain amount "and I am through." [5] There is no support for defendant in these cases or in other state cases cited in its brief.

With regard to the holiday pay, suffice it to say that there was uncontradicted testimony of the plaintiff that he was to receive salary payment for Thanksgiving and Christmas, and this is further strengthened by plaintiff's exhibit No. 2, [6] a letter from defendant stating:

"Undoubtedly Mr. Zimmerman overlooked telling Mr. Strauss about the holiday pay and under the circumstances I am authorizing Mr. Strauss to pay you for the Thanksgiving holiday in accordance with the first paragraph of your letter."

It is fair to assume that if the oral contract covered extra pay for Thanksgiving (which appellant concedes in the letter just quoted) it would also include extra pay for Christmas, as testified to by plaintiff.

The court properly held that from all the evidence there was no accord and satisfaction, as one vital element was lacking, namely, a mutual agreement to take less than the original claim. [7] The questions of what were the terms of the contract between the parties, and of whether the parties intended the check to be an accord and satisfaction, were ultimately ones of fact, and on these there was ample evidence to support the trial court's findings.

Affirmed.

1. The reference to a written contract is obviously error because the only testimony offered showed that the contract was oral.

2. Andrews v. Haller Wall Paper Co., 32 App.D.C. 392; Pugh v. Long, 61 App.D. C. 156, 58 F.2d 882; Ansberry v. Harrah, 65 App.D.C. 80, 80 F.2d 381.

3. Andrews v. Haller Wall Paper Co., supra.

4. Pugh v. Long, supra.

5. Ansberry v. Harrah, supra.

6. It should be noted that this exhibit was not included in the record presented to this court, but under our rule 32(c) we sent for and examined the file of the trial court and found therein the exhibit referred to.

7. Conover v. Halley, supra.