## BERRY v. KEITH.

### No. 1388.

Municipal Court of Appeals for the
District of Columbia.

Submitted Oct. 26, 1953.

Decided Nov. 25, 1953.

Robert C. Handwerk, Washington, D. C.,
for appellant.

Charles E. Morganston, Washington, D.
C., for appellee.

Before CAYTON, Chief Judge, and
HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

This case was previously before us in
Keith v. Berry, D.C.Mun.App., 64 A.2d 300.
It involves an action by Mrs. Keith to re-
cover $515 allegedly deposited with appel-
lant toward the purchase of a house. On
the previous appeal, we reversed and
awarded a new trial to Mrs. Keith.

The evidence adduced at the second trial
was as follows: Mrs. Keith testified that

she gave Berry, a real estate broker, $865 over a period of months, and made 19 payments in all. It was understood between the parties that this money was to be held by Berry until such time as he could find a house for her to purchase. In July, 1946, Mrs. Keith signed a contract with Berry to purchase a house owned by one Holmes. Upon further inspection she decided that the house was unsuitable and so informed Berry. She testified that Berry advised her that the sales contract would be torn up and she would be under no obligation to buy. She then informed Berry that she was going to buy another house and requested the return of the money that he was holding for her. She returned to Berry the 19 receipts allegedly given her, and he promised to return her money the next day. Several days later he came to Mrs. Keith's home and handed her a "check" for $600, and she signed three folded papers. Subsequent inspection showed the instrument to be a note, not a check. Since that time Berry has repaid to her $350, and in this action she claims the balance of $515.

Berry's testimony contradicted that of Mrs. Keith in almost every material respect. He said that she gave him $605, not $865, and that this sum was paid in 14 payments, not 19 payments as testified to by her. He also denied that he told her that the note he gave her was a check, or that she signed any papers at that time other than a release. The release in question was introduced into evidence. He testified that the sales contract with Holmes provided for a $200 deposit, and this sum was applied for that purpose from the funds he had already received from Mrs. Keith. He said this deposit was forfeited by the action of the seller, and not by any action on his part. He received $50 as his share of the forfeiture. He said that he informed Mrs. Keith that he was agent for both her and the seller, Holmes. Mrs. Keith denied ever being informed of this.

On the first appeal we reversed on the ground that Berry had violated his fiduciary position as agent for Mrs. Keith by initiating the forfeiture of her $200 deposit. We held that it was not the function of an agent to forfeit his principal's deposit and gain a monetary advantage for himself by such action.

■ On this appeal there are six assignments of error. Only four merit discussion. The first has to do with the admission into evidence of the "day book" kept by Mrs. Keith in which she listed the date and amount of each payment made to Berry. It is contended that such book was not admissible because it was not kept in the regular course of business. Appellant is in error when he attempts to apply the Federal Shop Book Rule to this evidence. Actually it was merely the admission into evidence of a past recorded recollection. It is well settled in this jurisdiction that a document containing entries made by a witness in the past, of which he has no present recollection, but which he knew to be true and accurate at the time they were made, is admissible into evidence.[1]

■ Mrs. Keith's day book contained entries concerning 19 transactions made in 1945 and 1946. She could not be expected to remember the exact date and amount of each of these transactions. She testified that she made these entries within a few days of each payment made to Berry. This statement was corroborated by two other witnesses, who saw her make the entries. Thus, this book was admissible under the rule of past recollection recorded.

■ The second error assigned is that the court erred in failing to hold appellee to the terms of her contract to purchase Holmes' property. The provision appellant contends should have been enforced is one providing for forfeiture of the $200 deposit. The answer to this argument is con-

1. Shokuwan Shimabukuro v. Higeyoshi Nagayama, 78 U.S.App.D.C. 271, 140 F. 2d 13, certiorari denied 322 U.S. 755, 64 S.Ct. 1270, 88 L.Ed. 1584; Fowler v. Stanford, D.C.Mun.App., 89 A.2d 885.

 

tained in our prior opinion. There we held that appellant, as Mrs. Keith's agent, had no right to declare a forfeiture of the deposit. Although appellant argues (as he did previously) that Holmes declared the forfeiture, we find nothing in the record to conclusively support that statement. Thus, the trial court could have resolved this factual question against appellant (agent) and found that he, not the owner, had declared the deposit forfeited. Under such circumstances, the law will not allow the agent to benefit from such a violation of his fiduciary trust.[2]

Appellant next argues that Mrs. Keith's acceptance of the $600 note, and her signing of the release, bars any recovery on her part. The acceptance of the note, he contends, amounts to an accord and satisfaction. But a vital element of this principle is missing, namely, a mutual agreement to take less than the amount of the original claim.[3] Moreover, there was no testimony that the parties intended the note to be in full settlement of Mrs. Keith's claim, nor does the note itself indicate that any such agreement existed.

As to the release, Mrs. Keith testified that at the time of the receipt of the note she signed three papers given to her by Berry, all of which were folded over. Berry denied this. Therefore the court could have found from Mrs. Keith's statement that the release was obtained by fraud, and this was basically a question of fact.[4]

The last assignment of error requiring discussion is that appellee failed to prove her right of recovery by a preponderance of the evidence. Our review of the entire record fails to sustain this contention. As we noted above in setting out the factual background of the case, there was a conflict in the testimony of the two principal witnesses on almost every material point. Hence, the case resolved itself into a question of which of the parties the trial judge chose to believe. As he found for Mrs. Keith, it is apparent that her version of the transactions between the parties was accepted. Finding no errors of law in the assignments discussed, and no merit in the ones remaining, the judgment of the court below will be

Affirmed.

---

2. Keith v. Berry, supra, and cases cited therein.

3. H. H. Butler Stores v. Barron, D.C.Mun. App., 95 A.2d 330; Conover v. Halley, D. C.Mun.App., 32 A.2d 110.

4. Klug v. Washington Ry. & Electric Co., 61 App.D.C. 247, 61 F.2d 327.