CURTIS BUILDERS, Inc.

v.

GENERAL FLOOR SERVICE CO., Inc.

No. 1519.

Municipal Court of Appeals for the
District of Columbia.

Argued Aug. 9, 1954.

Decided Sept. 10, 1954.

W. Cameron Burton, Washington, D. C., for appellant.

Arthur V. Sullivan, Jr., Washington, D. C., with whom Robert E. Miller and William T. Stephens, Washington, D. C., were on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

A subcontractor sued a contractor for extras furnished on two construction projects, herein referred to as the Bell School job and the Fort Belvoir job. The trial court found for plaintiff, and defendant contractor brings this appeal.

One of the errors assigned is that the trial court should have found that there had

been an accord and satisfaction. The evidence revealed a dispute between the parties as to whether parts of the work done on both jobs by plaintiff was extra work, and that after some negotiation plaintiff offered to settle the controversy as to both jobs for one total amount. Defendant then sent to the plaintiff two checks, one for work on the Fort Belvoir job, the other for the Bell School job, the sum of the two checks being less than plaintiff's specified demand. Defendant sent no message with the checks, so far as the record shows, to the effect that they were intended as a complete satisfaction. Plaintiff deposited both checks and informed defendant that they would be applied to the total claim, and that payment of the balance would be expected.

█ An accord and satisfaction arises only where there is a mutual agreement to accept a sum less than that demanded.[1] Defendant must intend the amount paid as a liquidation of plaintiff's claim, and the plaintiff in accepting it must understand that it is so intended.[2] Here there was no express agreement to that effect; nor can it be said that such an agreement must be implied from the facts. Plaintiff offered to settle for one lump sum; defendant sent less than the amount demanded and made no statement indicating an intention to liquidate plaintiff's claim by payment of the lesser sum. On such evidence the trial judge was not compelled to rule that plaintiff should have realized that the payment was intended as a satisfaction; nor that the evidence established that defendant intended his payment to be treated as a full and final payment. He was justified in finding that no accord and satisfaction had been established.

█ Appellant also argues that there was no evidence as to the reasonable value of the labor and materials furnished by plaintiff. As to the Bell School job, we think there can be no question that the evidence furnished a sufficient basis for the

trial court's award. The president of plaintiff company testified that he entered into an oral contract to furnish a quantity of floor covering materials to defendant, that such contract did not call for installation of the materials, and that upon defendant's request he later installed the materials. There was evidence that defendant was told that such installation would cost $150. In the course of installing the floor covering, it was discovered that the quantity of materials previously ordered was not sufficient to cover the entire area, and plaintiff was authorized to supply additional materials for which it billed defendant. Though this was contradicted by defendant, the trial judge adopted plaintiff's version of the transaction, and we cannot say that he erred in so doing; nor can we say that there was no evidence to support this view.

█ The contract covering the Fort Belvoir job was in writing, and was made subject to certain plans and specifications. Among the work which plaintiff claimed was extra, was the installation of floor covering on instructors' platforms, stairways, and a balcony in two buildings being remodelled for use as classrooms. Defendant argues that these items were in fact called for by the written contract, because the plans of the buildings in question call for installation of the covering on the "entire floor area." We cannot hold that as a matter of law the instructors' platforms were within the "entire floor area." Whether they were included in that phrase depends upon the intent of the parties. The only evidence for defendant upon this question was the testimony of the assistant secretary of the company that he interpreted the platforms as part of the floor since they were of wood construction, and were elevated only 16 inches. But he admitted that he could not recall ever having been involved in a project where such structures were covered. For plaintiff the company president, who said he had been a party to "perhaps a thousand" such con-

1. H. H. Butler Stores v. Barron, D.C.Mun. App., 95 A.2d 330; Conover v. Halley, D.C.Mun.App., 32 A.2d 110.

2. Andrews v. Haller Wall Paper Co., 32 App.D.C. 392.

tracts, testified that under the definite trade custom, stages and similar structures were never regarded as part of the floor, and that he did not regard the platforms as such in entering the contract. On the basis of this testimony it was not improper to find that the platforms were not within the "entire floor area" and were to be paid for as extras. This applies equally to the stairs, and also to the balcony, which was not even shown in the plans upon which appellant relies.

At the trial, defendant did not dispute the amount claimed: it admitted that all the work had been done in a workmanlike manner, but centered its defense on the ground that none of it was extra. And while plaintiff did not specifically spell out the reasonable value of the work, the company president did state the amount he had charged for each item. And with respect to extra work done in a building designated as X–6 he testified that because this was an isolated project, he was required to charge more than the ordinary unit or contract price which was computed on a square foot basis. Defendant contested this charge on the sole ground that it was higher than the basic contract rate. From this it is reasonable to infer that the charges for the other extras were based on the contract rates or were fair and reasonable, and were not challenged for that reason. Under all the circumstances, we must rule that there was sufficient evidence to support the judgment. We have considered other errors assigned and find no error.

Affirmed.