Peter C. LAGANAS, Appellant,

v.

INSTALLATION SPECIALTIES, INC., t/a
Quality Shade And Awning Shop,
Appellee.

No. 6113.

District of Columbia Court of Appeals.

Argued Jan. 25, 1972.

Decided May 26, 1972.

Leonard C. Collins, Washington, D. C., for appellant.

Howard B. Silberberg, Arlington, Va., for appellee.

Before HOOD, Chief Judge, and FICKLING and YEAGLEY, Associate Judges.

HOOD, Chief Judge:

Appellant contracted with appellee for furnishing and installation of carpeting and venetian blinds in several buildings. A dispute developed as to whether a basement area was included within the contract price. After receiving partial payment appellee brought suit and obtained judgment for the balance due on a promissory note and for an additional sum representing work not covered by the note. Appellant's answer admitted execution of the note but asserted failure of consideration in that appellee failed to render complete performance.

Unknown to both attorneys until shortly before trial, the parties met after suit had been filed for the purpose of settling their disagreement. Michael Laing, appellee's agent, testified that appellant agreed at this meeting to make payments on a time basis of $250 per month. Appellant's version was that he agreed to pay $250 in full satisfaction of any and all obligations owed appellee to that date and would pay additional money only if the work was completed as requested. Thereafter Laing received a check from appellant for $250 with a notation marked on its back to the effect that it constituted payment in full.[1] After an unsuccessful attempt to reach appellant by telephone Laing endorsed the check, scratched out the notation and cashed it. On this appeal appellant contends that his debt was discharged by accord and satisfaction.

The trial court found that the evidence did not establish an accord and satisfaction because "[appellee] was unaware that [the check] was to represent . . . a settlement of all claims . . . and further because . . . the parties never had a true meeting of the minds as to the resolution of the dispute between them." It was further found that the defense of accord and satisfaction was not pleaded leading to appellee's contention that, being an affirmative defense, it was waived. We reject this contention since appellant's attorney was apprised of the transaction forming the basis for the defense just one week before trial, and the record shows the issue was tried by the implied consent of the parties.[2]

The settled rule, established early in this jurisdiction, is that where a claim is unliquidated or under bona fide dispute the payment and acceptance of a lesser sum than claimed operates as an accord and satisfaction, the compromise being a good consideration for the concession made.[3] It is essential, as the trial judge recognized,

1. As appears from a copy of the check in the record, the actual words placed on the back, having been crossed out by Laing, were unintelligible. Appellant, however, testified that upon receiving the canceled check from his bank he wrote the following words on the back which he claimed to be a substantial characterization of his original entry, "[u]pon cashing check balance will be fully paid unless completed to our satisfaction." Laing testified the notation was for "payment in full."

2. 3 J. Moore, Federal Practice ¶ 15.13 [2], at 987 (2d ed. 1968).

3. Ansberry v. Harrah, 65 App.D.C. 80, 80 F.2d 381 (1935); Pugh v. Long, 61 App. D.C. 156, 58 F.2d 882 (1932); Andrews v. Haller Wall Paper Co., 32 App.D.C. 392 (1909); Conover v. Halley, D.C. Mun.App., 32 A.2d 110 (1943).

that there be a mutual agreement to accept a sum less than that demanded.[4] The question here is whether appellee acceded to the tender offered by the debtor in full satisfaction by negotiating the check after obliterating the condition written on the back.[5] In accord with the weight of authority we hold it did.[6]

 Stating the general principle that there is no accord and satisfaction without an offer by one party and acceptance by the other of a substituted performance in full settlement, Professor Corbin points out that obliteration of words indicating that payment is tendered in full does not prevent retention of the money from operating as assent to discharge of the debt.[7] In such instances "[t]he creditor's action . . . is quite inconsistent with his words. It may, indeed, be clear that he does not in fact assent to the offer made by the debtor, so that there is no actual 'meeting of the minds.' But this is merely another illustration of the fact that the making of a contract frequently does not require such an actual meeting. . . . The court is in these cases faced with the alternative between holding that the creditor is a wrongdoer in cashing the check or using the money, and holding that his conduct is operative as an acceptance and is therefore not wrongful. The latter holding is a short cut to complete justice, protects the debtor against injury, and prevents unnecessary litigation. . . . It has seemed to the courts more beneficial to hold that the cred-itor's action speaks louder than his words and is operative as an acceptance of the offer as made." [8]

 The creditor is therefore faced with the alternative of retaining the check in accordance with the debtor's terms or returning it unaccepted. He cannot reject the condition and accept the benefit. When the creditor endorses and cashes the check the intentions of the parties are in unison and the contract of accord and satisfaction becomes complete. The uncontroverted facts here show that appellee upon receiving the check and noticing the condition thereon called appellant's office but failed to reach him. Thereafter, without any discussion with appellant, appellee negotiated the check. It is no matter that appellee expressed protest before the check was tendered or that the parties came away from their meeting with contrary understandings for we hold as a matter of law, under the foregoing principles, that an accord and satisfaction occurred subsequently when appellee cashed the check.

 Appellee counters that the check was never received in evidence although appellant started to offer it. We hold the check must be considered in evidence where it was marked for identification, viewed by counsel and observed by the court without objection.

Reversed with instructions to enter judgment for appellant.

---

4. Barrett v. Air Brakes and Controls, D. C.Mun.App., 130 A.2d 310, 311 (1957); Curtis Builders v. General Floor Service Co., D.C.Mun.App., 107 A.2d 705 (1954).

5. We do not regard the qualification expressed by appellant that the check will not serve as full payment if the job is completed to his satisfaction as detracting from the thrust of the condition that "[u]pon cashing check balance will be fully paid", nor is there any evidence that appellee did anything further so as to trigger the operation of the qualification.

6. 1 Am.Jur.2d Accord and Satisfaction §§ 18 and 22 (1962); 6 Corbin, Contracts § 1279 (1962).

7. 6 Corbin, Contracts, *supra* note 6, at 128–29.

8. *Id.* at 129–30.